The draft decree presented by the complainants in this case contained the following clause: —
"Fourth. That the costs of this suit to be taxed by the clerk be equally divided between and payable by the complainants and the defendants, William Shaw Bowen and wife, that the sum of fifty dollars be assessed upon the said William Shaw Bowen and wife as a solicitor's fee, that the sum so assessed and one half the costs taxed as aforesaid be a lien on the land set off as aforesaid to the said William Shaw Bowen and wife, and that, in default of *Page 53 
payment thereof within sixty days from the date of this decree, execution therefore issue in favor of the complainants to enforce said lien."
The respondents objected to this clause as not being authorized by the statute, Pub. Stat. R.I. cap 230, § 22, which is as follows: —
"In suits for partition, either at law or in equity, the costs of partition, in such proportion as the court trying the same shall adjudge to be paid by any party or parties to said suit, shall be a lien upon the interest of any party or parties in the several shares to him or them assigned, and, in addition to the mode of recovery now used, may be recovered by sale of said several shares upon execution to be issued in due form therefore in favor of the party or parties who may, by payment of said costs, be entitled to recover the same."
The court has heretofore, as a matter of practice, construed the phrase, "the costs of partition," in Pub. Stat. R.I. cap. 230, § 22, as broad enough to include counsel fees as well as the ordinary costs of suit and other expenses of making the partition. We think the construction correct, the phrase being used to denote, not simply the costs of suit, but the costs of partition itself.
Motion granted and decree entered.