ISAAC R. ROBINSON *et al. vs.* JEREMIAH P. ROBINSON *et al.*

PROVIDENCE—JUNE 4, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Partition. Owelty.*

In partition the commissioners allotted to X. one of the pieces of property. The house on this property was destroyed by fire. It was insured for $4,500 in the name of the estate, and the insurance was paid to the executors. By the terms of the report Z. had been awarded owelty out of the share of X. :—

*Held*, that, to the extent that owelty was to be paid from proceeds of the insurance in the hands of the executors, the decree should provide for a prepayment before vesting of title, and the balance, if any, should be a lien upon the debtor share.

*Held*, further, that, where X. did not object to the amount of owelty to be paid by her, another party could not make the objection in her stead.

(2) *Partition. Counsel Fees.*

Under the provisions of Gen. Laws cap. 265, § 23, services of complainant's counsel of a kind necessary to the institution and prosecution of the suit, which are for the common benefit of all parties to the suit, will be allowed as part of the "costs of partition."

(3) *Partition. Counsel Fees.*

In a suit for partition where it is necessary for the parties respondent to have private advice, the court will leave the matter of such counsel fees to be settled by the parties as between counsel and client.

PARTITION. The commissioners had allotted to one of the parties one of the pieces of property. The house on this property was destroyed by fire. It was insured for $4,500 in the name of the estate, and the insurance was paid to the executors. By the terms of the report another of the parties had been awarded owelty out of this former share. Heard on form of decree.

(1)    PER CURIAM.    Following the decision in *Updike* v. *Adams*, the proposed decree is not objectionable by reason of owelty being required to adjust the values of the several parcels. The sums required are not shown to be unjust or unreasonably burdensome.

To the extent that owelty is to be paid from proceeds of insurance in the hands of the executors, the decree should provide for a prepayment before a vesting of title, and the balance, if any, should be a lien upon the debtor share.    The large sum required to be paid in this way by Mrs. Leach might be considered as an objection to the report if it was made by her on this account.    As she makes no objection, another party cannot make it in her stead.

Although parts of the estate are held by different titles in different interests, the allotment appears to have been made for the purpose, usual in such cases, of apportioning land contiguous to the share, or other land, of a party, and of enhancing the value of such share on that account.    No injustice in the allotment is shown, and hence we do not feel called upon to disturb the report on this ground.

The objection to the apportionment of costs on the share of Mrs. Coombs is only between herself as owner of a part and of the trustee as owner of another part of her share. The other parties are not concerned in this matter, and the apportionment of these costs can be made by a special decree.

The question of the allowance of counsel fees is also presented.

(2)    In *Redecker* v. *Bowen*, 15 R. I. 52, it was held that "costs of partition," as used in Pub. Stat. cap. 230, § 22, the same as Gen. Laws cap. 265, § 23, covered counsel fees, as well as costs of suit and other expenses of making the partition. The decision was based upon the principle that where a suit for partition was necessary, and its benefit enured to all the parties, the cost of procuring it should not be thrown wholly upon the complainant, but should be borne in part by those who share in the benefit.

Sometimes counsel fees have been allowed to attorneys for

defendants, where they have rendered necessary service for the common benefit of all.

(3)  In view of the complications in this case it was necessary for each party to have private advice, but we think it would be impracticable to discriminate as to the relation of all the services that have been rendered, and hence we leave the matter of counsel fees proper to be settled by the respective parties as between counsel and client.  Certain work of complainants' counsel, however, is of a kind necessary to the institution and prosecution of the suit, which should not be thrown wholly upon them, such as the preliminary investigation of the title, the preparation of the bill, attending to the issuing of subpœnas, the preparation and entering of decrees, etc., which were for the common benefit of the parties to the suit.  For such services we think an allowance should be made, under the rule stated, and we allow therefor the sum of four hundred dollars as a part of the costs of partition.  Objection is also made to the fees charged by the commissioners, but we cannot determine these without hearing the commissioners.

A decree in accordance with this opinion may be entered, after such hearing, if the parties cannot agree upon the commissioners' fees.

*Tillinghast & Tillinghast*, for complainants.

*Edwards & Angell, Wilson & Jenckes, Van Slyck & Mumford*, for respondents.