February 6th, 1905.

————O————

## No. 3535.

(Court of Appeal, Parish of Orleans.)

### MRS. JOSEPHINE WALL vs. HENRY HESLIN.

Appeal from Civil District Court, Division "A."

W. S. Benedict, for Plaintiff and Appellee.

Jas. E. Zunts, for Defendant and Appellant.

1. Prescription does not begin to run until a right of action has accrued.

2. On the merits of the case, a question of fact only is involved.

MOORE, J. This is a suit on a *quantum meriut* for wages alleged to be due for personal services rendered Elizabeth Heslin,

a spinster, since deceased and whose heir is her brother, the defendant herein, who is in possession, as such heir, of her estate.

The services are alleged to have been rendered from the 13th day of July, 1902, to the 29th day of the following December, and the amount claimed is $276.00, less a credit of $18.00 acknowledged to have been received on account.

The defense is that all services rendered the deceased prior to the 1st day of November, 1902, was gratutious; that for the months of November and December, 1902, a stipulated wages was agreed on at the rate of $10.00 per month; that the said wages were all paid by the deceased prior to her death, save a balance of two dollars, and finally the prescription of one year is interposed to the entire claim.

There was judgment for the plaintiff, as prayed for, and defendant appeals.

The testimony of plaintiff conclusively establishes the fact that during the period stated by her, she was employed as a sick nurse and general house-keeper for Elizabeth Heslin, who seems to have been a confirmed invalid, scarcely able to care for her own person and still less able to attend to the duties of her domestic establishment. The employment was accepted without stipulating the amount of wages that would be paid plaintiff, but it was understood and agreed that she was to be renumerated by Miss Heslin for her services when the latter recovered from her illness, or, in the event of her death, she would make provisions for the payment.

The amount claimed, ($2.00 per day) is shown to be just and reasonable and the $18.00 which plaintiff received of Miss Heslin is shown to have been paid to her on account of wages due.

The testimony of the defendant's witnesses is entitled, on its face, to no consideration whatsoever. Our esteemed brother of the trial court, who saw the witnesses and heard them testify states in a written opinion that their testimony struck him "as

mere idle gossip, if nothing worse."

In an able and well considered opinion the judges *a qua* reviews the facts and interprets the law as applicable to this case, and we fully concur with him in his conclusions on both.

We adopt his opinion as that of this Court. It is as follows:

"The proof leaves no doubt in my mind that plaintiff served the deceased sister of defendant faithfully and efficiently, and with the express understanding that she should be paid for her services."

The facts of her constant presence and attendance upon the deceased, and of the services that she rendered, are not seriously contested, and cannot be successfully.

ly, having her home with deceased, and being maintained by her, and that it was not contemplated by her, or by deceased, that she

The defendant's contention is, that she was serving gratuitous-

would charge for her services. Plaintiff was not a pensioner, obliged to thus attend the deceased for her own support merely, for she was capable and able-bodied, and had employment before she came to deceased, and after she left her, becoming then Matron of the Fenwick Sanitarium, a position which she still holds. No one is presumed to give, gratuitous, work and service to a person such as deceased, was with ample means to pay, is not to be presumed, and this presumption is fortified and made absolute in this case, by plaintiff's affirmative evidence that she was to be compensated, and that $18.00 actually was paid to her.

The sick and distressed condition of the deceased may well account for plaintiff not exacting payment. There were heavy expenses of travel and medical attention, etc., to be paid for, and plaintiff was content to serve and wait, relying on the promise of deceased that she would be well paid, or provided for when she should get well, or out of her succession, should she not recover.

I attach small weight to what witnesses say about declarations made by deceased or by plaintiff. It struck me as mere gossip, *if nothing worse.* Why should plaintiff talk to strangers about the terms of her service with the deceased? And as to what deceased is reported as saying, it would be made to appear that all of her thoughts, during the closing moments of her life, were concentrated on the condition of her accounts with the plaintiff for service and nursing.

One witness tells how, when strength and voice, and almost life were gone, the deceased whispered that $2.00 was all that was due the plaintiff.

It is true plaintiff did not rebut what one witness said as to her statements in N. C., and afterwards here, but plaintiff was kept away at her duties as matron of the Sanitarium in Abbeville, and plaintiff's attorney thought it not worth the trouble to bring her here to testify in rebuttal, and I think so too.

Declarations of deceased persons are held as the weakest of all testimony, and for obvious reasons.

I saw plaintiff, and all the witnesses, and I settle the issue of fact in plaintiff's favor, that she served, as she alleged in her petition, and that the price claimed is reasonable and just.

Only the plea of prescription remains. This plea the defendant, who is the brother, and only heir of the deceased, and in possession of her estate, has interposed in bar of plaintiff's action. A nurse's wages are prescribed by one year. Vaughn vs. Sewell, 23 A., 62; Suc. Alexander, 110 La., 1029, 1030.

Prescription could not run until plaintiff's right of action arose. The right of action here was suspended, until the death of Miss Heslin, on September 14th, 1903, because her agreement was to compensate plaintiff when she got well, or, by provision for her, after her death.

Gueno vs. Soumastre, 1 A., 44, citing 2 N. S., 432, and authorities.

The condition upon which plaintiff's right of action should accrue, to-wit, the death of Miss Heslin, (for she never got well). happened September 14th, 1903, and prescription began to run at that date, and, from that date, she had one year within which to bring her suit. Her suit was filed September 15th, 1903, and defendant was cited September 16th, 1903, one month after plaintiff's right of action arose, and, therefore, the plea of prescription is not well founded.

A judgment will be entered in plaintiff's favor as prayed for."

For these reasons the judgment appealed from is affirmed.

February 6th, 1905.

———————o———————

## No. 3619.

(Court of Appeal, Parish of Orleans.)

