Luigi Andreano *et ux. vs.* Potito Andreano *et ux.*

JANUARY 10, 1941.

Present: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Condon, J. The parties here were tenants in common of certain real estate situated in the city of Warwick. On bill for partition of such real estate filed by two of the parties, Luigi Andreano and Maria N. Andreano his wife, against the other two parties, Potito Andreano and Antonietta An-

dreano his wife, the superior court decreed partition and appointed a commissioner to make sale of the premises. Later the commissioner, after selling said premises, prayed for instructions as to the distribution of the proceeds of said sale, and after a hearing the superior court entered its decree from which the respondents have appealed to this court.

The respondents object to this decree substantially because the trial justice did not award them reimbursement for certain sums of money which they claimed to have expended on the property and for which they claimed contribution from the complainants; and secondly, because in awarding fees to the commissioner and counsel for the parties, the trial justice expressly held open the final determination of such fees in full if an appeal was taken from the decree.

As to the first objection, the claim of appeal is without merit. The findings of the trial justice which were objected to are findings of fact based on conflicting testimony; and, since we cannot say from our examination of the record that they are clearly wrong, we will not disturb them. It appears, however, from the decree that a mistake was made in not fully reimbursing the respondents for the amount paid by them on the 1938 taxes. The petitioners' counsel expressly admitted his clients were properly chargeable with one half of those taxes. In order to give effect to this admission, the first paragraph of the decree should be modified so that the commissioner will be directed to deduct from the sum in his hands the amount of $50.80 for water meter, etc. and $37.62, paid by respondents on the 1938 taxes, that is, the sum of $88.42 in all, and pay it over to these respondents.

The second objection stands on a different ground. Respondents contend that it was error for the trial justice to make his award of fees to counsel and the commissioner "in full for services if no appeal is taken." The respondents are not complaining against the awards as actually made in the

decree but only against the above condition attached thereto. In other words, they argue that the awards are final and if counsel seek further compensation for their services on this appeal, it is a matter between them and their clients with which the superior court is not concerned; and that as to the commissioner, an appeal to this court of itself does not affect him in such a way as to leave his fee open to probable further revision.

It is the practice in this state to allow counsel fees as part of "the costs of partition" under general laws 1938, chapter 586, § 23. *Redecker* v. *Bowen,* 15 R. I. 52. But this was not always the practice. *Cozzens* v. *Whitney,* 3 R. I. 79. However, since no objection on this score is being made here, and more so since the practice may now be considered firmly established—*Di Iorio* v. *Cantone,* 49 R. I. 452—we have only to consider whether it should be extended to cover the award of counsel fees for services on appeal.

This question does not appear to have been heretofore adjudicated. To determine it we can obtain some light by examining the principle upon which the court rested its decision in the *Redecker* case. In *Robinson* v. *Robinson,* 24 R. I. 222, 223, this court remarked that in the *Redecker* case "The decision was based upon the principle that where a suit for partition was necessary, and its benefit enured to all the parties, the cost of procuring it should not be thrown wholly upon the complainant, but should be borne in part by those who share in the benefit."

Applying this principle to the pending appeal, it does not appear to us that it is an integral part of the original partition proceedings in the superior court, in the sense that it enures to the benefit of all of the parties. This appeal clearly involved a litigious matter, raised by two of the parties, which was entirely apart from the question as to the necessity of taking judicial custody of the real estate so that it

might be partitioned among all the parties, according to their interests.

We are, therefore, of the opinion, at least in the circumstances of the instant cause, that compensation of counsel on this appeal is and ought to be a matter purely between counsel and client. If any appeal is to be taken from the decree of the superior court—unless it be one for the benefit of all the parties, as for example where all might be objecting to the fee awarded to the commissioner, or otherwise for good cause shown—each party ought to bear the expense of his own counsel in the appellate court.

As to the fees of the commissioner, we see no reasonable basis for a further award to him merely because an appeal was taken. Unless the taking of the appeal actually necessitated additional services on his part of a substantial nature—and none has been shown in this instance—pending the appeal the commissioner is a mere custodian awaiting the final direction of the court to pay over the funds in his hands.

For the reasons stated, the respondents' appeal is sustained, and the decree appealed from is reversed in part, in accordance with this opinion.

The parties may appear before this court on January 22, 1941, and present a decree, in accordance herewith, for entry in the superior court.

*Frederick Torelli,* for complainants.

*J. Raymond Dubee,* for respondents.