George W. MOORE, Esq. et al.

v.

Carol C. BALLARD et al.

No. 2005–341–Appeal.

Supreme Court of Rhode Island.

Jan. 26, 2007.

Stephen J. MacGillivray, Esq., Boston, MA, for Plaintiff.

R. Daniel Prentiss, Esq., for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, and SUTTELL, JJ.

## OPINION

Justice SUTTELL, for the Court.

The entitlement to attorney's fees in an action to partition a twenty-eight-acre parcel of Newport real estate (Edgehill property) that formerly housed Edgehill Newport, an alcohol rehabilitation center, is the substance of this appeal. The plaintiff, George W. Moore, Esq., as trustee of the SVF Foundation (SVF Foundation), appeals from a Superior Court order denying an award of attorney's fees. The original plaintiff, Dorrance H. Hamilton, as trustee of the Dorrance H. Hamilton Trust (the Trust),[1] sought an apportionment of the attorney's fees it incurred to partition the Edgehill property that the Trust owned together with the defendants, Carol and A.L. Ballard. The motion justice denied the request as unseasonable and, alternatively, as unwarranted in equity and justice.

This case came before the Supreme Court for oral argument under an order directing the parties to show cause why the issues raised in this appeal should not summarily be decided. After reviewing the record and considering the parties' written and oral submissions, we conclude that the appeal may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the order of the Superior Court.

### Facts and Procedural History

The legal proceedings commenced in August 2000, when the Trust filed a complaint in the Newport County Superior Court seeking to enjoin defendants from excavating a trench across the Edgehill property. Shortly thereafter, the Trust amended the complaint to include a count for partition. By an order entered on January 26, 2001, the Superior Court appointed a commissioner to make "a recommendation for a metes and bounds partition of the Property * * *, based on his recommended assessment of the equities of the parties." The commissioner submitted his report on February 8, 2002. Thereafter, the commissioner filed a supplemental report to readjust lot lines and easements in light of the presence of wetlands on the Trust's proposed portion of the Edgehill property. On December 6, 2002, having accepted the commissioner's recommendations, the Superior Court entered a final judgment under Rule 54(b) of the Superior Court Rules of Civil Procedure partitioning the Edgehill property. Neither party appealed from this judgment.

Entry of final judgment, however, did not terminate the parties' litigious relationship. In October 2003, the Trust filed a motion to adjudge defendants in contempt for recording two surveys that contradicted the survey the Trust previously had recorded. As a result of the Trust's motion, the court ordered that the commissioner prepare yet another supplemental report to determine which survey, if any, should be recorded to give effect to the previously ordered partition judgment. The commissioner filed his second supplemental report in December 2003. On January 16, 2004, the Superior Court ordered that a survey be recorded that confirmed the original metes and bounds of the partition and that showed an exclusive easement over certain areas of the Edgehill property in favor of the Trust. In Novem-

---

1. The original Superior Court complaint was filed by Dorrance H. Hamilton as trustee of the Dorrance H. Hamilton Trust. It appears from the record that before this appeal was filed, the Trust conveyed the real estate in question to SVF Foundation, and that SVF Foundation was added as a plaintiff. SVF Foundation, however, is the only plaintiff to have appealed from the denial of the Trust's motion for attorney's fees.

ber 2004, the Trust filed a motion for an award of some or all of the attorney's fees and costs expended in regard to the partition.

The hearing on the Trust's motion was held in January 2005. After considering arguments from counsel, the motion justice ruled that the two-year delay between entry of final judgment and the Trust's motion for attorney's fees barred it from recouping such fees. An order denying the motion was entered on January 12, 2005, and is now the focus of this appeal.[2]

### Discussion

■■■ We begin our analysis by reaffirming this Court's staunch adherence to the "American rule" that requires each litigant to pay its own attorney's fees absent statutory authority or contractual liability.[3] *See Eleazer v. Ted Reed Thermal, Inc.*, 576 A.2d 1217, 1221 (R.I.1990). This general rule prohibiting fee shifting in most cases is not without exception, however. We have recognized this Court's "inherent power to fashion an appropriate remedy that would serve the ends of justice," *Vincent v. Musone*, 574 A.2d 1234, 1235 (R.I.1990); *see also Truk Away of Rhode Island, Inc. v. Macera Bros. of Cranston, Inc.*, 643 A.2d 811, 817 (R.I. 1994), as well as the authority of trial courts to award attorney's fees as a sanction for contumacious conduct. *See Moran v. Rhode Island Brotherhood of Correctional Officers*, 506 A.2d 542, 544 (R.I. 1986).

■■■ In the case under review, plaintiff's claim for attorney's fees emanates explicitly from G.L.1956 § 34–15–22, which provides:

"In an action for partition, the court before which the action may be pending may adjudge and determine, as to it shall appear equitable and just, relative to the apportionment of costs among the parties, plaintiff and defendant, by dividing the costs equally or subjecting either party to the payment of the whole or any part thereof."

Generally, the term "costs" does not include attorney's fees. *Waldeck v. Piner*, 488 A.2d 1218, 1220 (R.I.1985) ("[T]his court has long held that 'costs,' without more, will not be interpreted to include counsel fees."). The term "costs" in a partition action, however, has long been interpreted as including attorney's fees. *See Redecker v. Bowen*, 15 R.I. 52, 53, 23 A. 62, 63 (1885) ("The court has heretofore, as a matter of practice, construed the phrase 'the costs of partition' * * * as broad enough to include counsel fees as well as the ordinary costs of suit and other expenses of making the partition."); *accord Andreano v. Andreano*, 66 R.I. 83, 85, 17 A.2d 465, 466 (1941) ("[i]t is the practice in this state to allow counsel fees as part of 'the costs of partition' "); *see also Francis v. Francis*, 81 R.I. 346, 348, 102 A.2d 872, 872 (1954).

■■■ The theory underlying the apportionment of attorney's fees in partition ac-

---

**2.** A plethora of claims and counterclaims concerning the parties' partition dispute still remain in the Superior Court.

**3.** We occasionally have opined that statutes providing for an award of attorney's fees are in derogation of the common law and must be construed strictly. *See Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1226 (R.I.1996); *Eleazer v. Ted Reed Thermal, Inc.*, 576 A.2d 1217, 1221 (R.I.1990). Al-

though this may not be an historically accurate statement, *see, e.g., Florida Patient's Compensation Fund v. Rowe*, 472 So.2d 1145, 1147–48 (Fla.1985) ("[a]t the time of the American Revolution, the English courts generally awarded attorney fees to the prevailing party in all civil litigation), the American Rule is so deeply rooted in our jurisprudence that we nevertheless think that the principle of strict construction applies."

tions is the common benefit doctrine, and is predicated upon "the principle that where a suit for partition was necessary, and its benefit inured to all the parties, the cost of procuring it should not be thrown wholly upon the complainant, but should be borne in part by those who share in the benefit." *Robinson v. Robinson*, 24 R.I. 222, 223, 52 A. 992, 993 (1902); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). An award of attorney's fees under § 34–15–22 is not warranted, however, if the legal work is not incurred for the benefit of the other parties in the partition. *See Andreano*, 66 R.I. at 85, 17 A.2d at 466; *Robinson*, 24 R.I. at 223, 52 A. at 993.

In its motion for attorney's fees and costs, the Trust specifically invoked § 34–15–22 as the authority for its entitlement "to an award of some or all of the attorney's fees * * * [it] expended * * *." The defendants argued in opposition to the motion, as they do on appeal, that an apportionment of costs under § 34–15–22 may be made only while a partition action is pending. They also assert that the motion justice properly weighed the equities in denying the Trust's motion, particularly in light of the truculent nature of this partition action. Finally, they contend that the Trust is barred from seeking attorney's fees under the doctrine of res judicata based upon an earlier order, issued in connection with a contempt motion, which required each party to bear its own costs and fees.

■ Our primary task is one of statutory interpretation, which we undertake on a *de novo* basis. "It is well settled that when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." *Accent Store Design,*

*Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1226 (R.I.1996).

The defendants contend that the partition action no longer was "pending" under § 34–15–22 as of December 6, 2002, the date final judgment under Rule 54(b) was entered. Thus they assert that plaintiff's motion, filed nearly two years later, on November 24, 2004, was untimely. The plaintiff counters that the statutory language at issue, *i.e.*, "the court before which the action may be pending," § 34–15–22, refers to venue rather than to a temporal limitation.

■ We are of the opinion, however, that the plain meaning of the statute requires that costs, including attorney's fees, be apportioned, if at all, before the judgment in the partition action becomes final. Clearly, those fees and costs expended for the common benefit of all parties in connection with the partition of real estate are capable of ascertainment and apportionment before the judgment actually partitioning the property becomes final. Indeed, as is the case here, any attorney's fees associated with protracted litigation after final judgment are not likely to be incurred for the common good of all parties, but rather for the individual interests of one party.

Moreover, SVF Foundation's reliance on *Capital Properties, Inc. v. City of Providence*, 843 A.2d 456 (R.I.2004), to support its contention that a motion for attorney's fees in a partition action may be brought within a reasonable time after the conclusion of the action is unavailing. Our inquiry in *Capital Properties*, 843 A.2d at 460–61, concerned a statute that permitted an award of attorney's fees to "the prevailing party" in certain narrowly defined circumstances. In that case, we concluded that the issue of attorney's fees was an independent claim that did not arise until the plaintiff was determined to be the prevail-

ing party. *Id.* at 460. Here, the underlying theory of recovery is the common benefit doctrine which, unlike the prevailing party standard, apportions attorney's fees in accordance with the benefit derived by each party. Thus the *Capital Properties* analysis does not apply in the context of a partition action.

### Conclusion

Because the trial justice properly denied the Trust's motion for attorney's fees, we need not address other arguments SVF Foundation raised on appeal. Accordingly, we affirm the order denying the Trust's motion for attorney's fees and remand the papers to the Superior Court.

Justice ROBINSON did not participate.