TAYLOR, J.
Peter Newton, a defendant in a proceeding to enforce a settlement agreement, appeals a final order denying his motion for entitlement to attorney’s fees. Because we conclude that Newton was the prevailing party, we reverse.
This appeal has its genesis in an underlying securities lawsuit that the plain-tiffiappellee, Delbert Tenney, brought against multiple defendants, including Newton and certain entities known as the Lion Life defendants.
In November 2008, Tenney entered into a settlement agreement with Newton and the other defendants. Under the terms of the settlement agreement, Tenney was entitled to receive a total of $1.6 million, payable in eight separate payments of $200,000. The agreement provided that the defendants would make the first payment of $200,000. The remaining seven payments of $200,000 were to be paid by the Lion Life defendants only. The settlement agreement further provided that if any payment was not made in a timely fashion, the defendants agreed to a judgment against the Lion Life defendants. The settlement agreement also included a prevailing party attorney’s fees provision.
When the defendants failed to timely deliver the first payment, Tenney filed a motion to enforce the settlement agreement.' In relevant part, Tenney’s motion requested that the court order Newton to pay Tenney $50,000, representing Newton’s proportional unpaid share of the first required payment of $200,000.
Newton contested the enforceability of the settlement agreement on multiple grounds, but also argued that he was not personally obligated to make any payments to Tenney under the terms of the settlement agreement. The other defendants withdrew their opposition to the enforceability of the settlement agreement, leaving Newton as the lone defendant challenging it.
Following several evidentiary hearings, the trial court partially granted and partially denied Tenney’s motion to enforce the settlement agreement. The trial court found that the settlement agreement was valid and enforceable. The trial court specifically rejected all of Newton’s defenses to the enforceability of the settlement agreement, including coercion and duress. However, the trial court found that Newton was not obligated to make any pay- *392 merits to Tenney under the settlement agreement. The trial court reasoned that under the terms of the settlement agreement, Tenney’s exclusive remedy for any failure of the defendants to make a payment was a monetary judgment against the Lion Life defendants, but not against Newton individually.
Newton later moved for attorney’s fees, asserting that he was the prevailing party in the litigation over the settlement agreement because he avoided the $50,000 money judgment that Tenney sought. Tenney then countered with his own fees motion, claiming that he was the prevailing party because the trial court found the settlement agreement enforceable.
The trial court denied both parties’ fees motions, finding that the result in the case was “a bona fide tie” and that there were compelling circumstances warranting a finding that the parties had equally prevailed to some degree. From this order, Newton appeals.
The standard of review for a trial court’s ruling on the issue of prevailing party attorney’s fees is abuse of discretion. Shands Teaching Hosp. & Clinics, Inc. v. Mercury Ins. Co. of Fla., 97 So.3d 204, 213 (Fla.2012). “[T]he party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney’s fees.” Moritz v. Hoyt Enters., Inc., 604 So.2d 807, 810 (Fla.1992).
Our court has broadly stated that “[i]n a breach of contract action, one party must prevail.” Lucite Ctr., Inc. v. Mercede, 606 So.2d 492, 493 (Fla. 4th DCA 1992); see also Port-A-Weld, Inc. v. Padula & Wadsworth Constr., Inc., 984 So.2d 564, 569 (Fla. 4th DCA 2008) (“Although some districts recognize that cases can sometimes effectively be ‘ties,’ such that the parties can both be viewed as winners or losers, we have maintained that ‘[i]n a breach of contract action, one party must prevail.’ ”) (citation omitted); Animal Wrappers & Doggie Wrappers, Inc. v. Courtyard Distribution Ctr., Inc., 73 So.3d 354, 356 (Fla. 4th DCA 2011) (same). However, while we have sometimes stated this rule in categorical terms, we have also suggested that there may be compelling circumstances in which a trial court determines that neither party prevailed in a breach of contract action. See Hutchinson v. Hutchinson, 687 So.2d 912, 913 (Fla. 4th DCA 1997); see also M.A. Hajianpour, M.D., P.A. v. Khosrow Maleki, P.A., 975 So.2d 1288, 1289 (Fla. 4th DCA 2008).
Here, we conclude that the significant issue in the litigation was whether Newton was required to pay Tenney $50,000. Newton prevailed on that issue. Even though Newton’s challenges to the enforceability of the settlement agreement failed, these were simply alternative arguments for avoiding the money judgment. Based on the trial court’s interpretation of the settlement agreement, Newton ultimately succeeded in not having a $50,000 judgment entered against him. Furthermore, while Tenney was able to enforce the non-monetary terms of the settlement agreement, we do not view that as a sufficiently compelling reason to deviate from the general rule that one party must prevail in a breach of contract action.
Based on the foregoing, we find that the trial court abused its discretion in denying Newton’s motion for entitlement to attorney’s fees. We therefore reverse the order on appeal and remand for further proceedings consistent with this opinion.

Reversed and Remanded.

WARNER and STEVENSON, JJ., concur.