CORRECTED OPINION
PER CURIAM.
We affirm the final judgment awarding attorney’s fees and costs in all respects but one.
We find no abuse of discretion in the circuit court’s decision that appellees were the prevailing party in the litigation below. The trial court determined that appellees prevailed on the most significant issues in the case. See Newton v. Tenney, 122 So.3d 390, 392 (Fla. 4th DCA 2013). Our review of the record demonstrates that appellants did not like the idea of a paved runway in their aviation-centered community. At one point, appellants complained that a paved runway would disrupt the rural character of their community. Because they did not want a paved runway, appellants also did pot want to pay for it. Appellants first tendered their resignation to appellee Naked Lady Ranch, which refused to accept it. This led appellants to file a declaratory relief, action. While they did not object to paying them share of maintenance costs and expenses, appellants did not want to pay for “capital improvements,” which is how they characterized the paving of the runway. Ultimately, the trial court determined that the paving of the runway was a¿.maintenance cost, for which appellants were responsible.
Article 5 of the applicable Declaration of Covenants and Restrictions is the attorney’s fee provision. It entitles “any landowner” or Naked Lady Ranch or “its successors” to recover attorney’s fees incurred in the enforcement of “any of the restrictions herein contained.” Count III of the complaint sought to invalidate a loan agreement between appellees Naked Lady Ranch and the Brittians. The final judgment awarded $5,380 in fees incurred in the defense of the Brittians. The Brit-tians were neither a “landowner” nor a “successor” to Naked Lady Ranch, so there was no basis under the Declaration to award attorney’s fees incurred in their defense. We therefore reverse the award of $5,380 in fees. See Village 45 Partners, LLC v. Racetrac Petroleum, Inc., 831 So.2d 758 (Fla. 4th DCA 2002).
We affirm all aspects of the final judgment except for the award of $5,380 in fees.

Affirmed in part, reversed in part and remanded.

GROSS, TAYLOR and FORST, JJ., concur.