January 5, 2023

**Supreme Court**

Clean Harbors Environmental Services,   :
Inc.

v.                       :           No. 2019-164-Appeal.
                                             (PM 12-1322)

96-108 Pine Street LLC           :

v.                       :

J.R. Vinagro Corporation.        :

J.R. Vinagro Corporation         :           No. 2019-165 Appeal.
                                               (PM 12-1719)
v.                       :

96-108 Pine Street LLC.          :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 or Email opinionanalyst@courts.ri.gov of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Clean Harbors Environmental Services, Inc.                :

v.                :        No. 2019-164-Appeal.
                            (PM 12-1322)

96-108 Pine Street LLC        :

v.                :

J.R. Vinagro Corporation.        :


J.R. Vinagro Corporation        :

v.                :        No. 2019-165-Appeal.
                            (PM 12-1719)

96-108 Pine Street LLC.        :


Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

# O P I N I O N

**Justice Lynch Prata, for the Court.**  In these consolidated cases, the plaintiff/third-party defendant, J.R. Vinagro Corporation (Vinagro), appeals from a final judgment of the Superior Court following a nonjury trial, denying Vinagro's motion for attorneys' fees and costs against the defendant/third-party

plaintiff, 96-108 Pine Street LLC (Pine Street).[1]  Vinagro argues that the trial justice abused his discretion by not awarding Vinagro attorneys' fees and costs under the parties' demolition contract based on the trial justice's determination that neither Vinagro nor Pine Street was the prevailing party.  For the reasons stated herein, we vacate the judgment of the Superior Court.

## Facts and Travel

On July 7, 2011, Vinagro and Pine Street executed a demolition contract for a fixed fee of $297,000 (the contract).  The contract required Vinagro to demolish a parking garage owned by Pine Street located at 100 Pine Street in Providence (the garage); to conduct dewatering operations, as necessary; and to apply for, obtain, and pay for all permits as necessary for the completion of the work.  The contract also contained a time-is-of-the-essence clause requiring Vinagro to complete the project within eight weeks.  After commencing the demolition work, however, Vinagro observed six feet of oil-contaminated water in the basement of the garage.  Consequently, Vinagro consulted and hired plaintiff Clean Harbors Environmental Services, Inc. (Clean Harbors), to remediate the contamination.  Work, however, was disrupted, and litigation ensued.

---

[1] Pine Street also filed a motion for attorneys' fees and costs that was similarly denied.

The parties, including Clean Harbors, filed three separate cases in Providence County Superior Court, which were subsequently consolidated on July 27, 2012.[2] Thereafter, summary judgment was granted in favor of Clean Harbors on its breach-of-contract and bond claims, leaving the following claims for trial: (1) Vinagro's direct claims against Pine Street for breach of contract and unjust enrichment; (2) Pine Street's amended third-party complaint against Vinagro for breach of contract; and (3) Vinagro's third-party counterclaim against Pine Street for breach of contract and unjust enrichment.

On February 16, 2018, following a nonjury trial, the trial justice issued a written decision in favor of Vinagro on its breach-of-contract and unjust-enrichment claims, and in favor of Pine Street on its breach-of-contract claim.[3] As a result of these findings, the trial justice awarded Vinagro $145,500 on the base contract and $284,245.92 for the extracontractual work, plus prejudgment interest from May 12, 2012.[4] The trial justice also awarded Pine Street $62,000 in liquidated damages,

---

[2] The three actions are J.R. Vinagro Corporation v. 96-108 Pine Street LLC (PM 12-1719); Clean Harbors Environmental Services, Inc. v. 96-108 Pine Street LLC v. J.R. Vinagro Corporation (PM 12-1322); and Clean Harbors Environmental Services, Inc. v. J.R. Vinagro Corporation et al. (PC 12-2141).

[3] Throughout this litigation, Vinagro's unjust-enrichment claim has been referred to as quantum meruit by both the parties and the trial justice. For purposes of clarity and consistency, we will refer to this claim as unjust enrichment.

[4] The parties stipulated at trial that Vinagro was entitled to $145,500 on the base contract.

plus prejudgment interest from November 1, 2012. The trial justice reserved decision on the issue of attorneys' fees.

Subsequently, Vinagro and Pine Street each moved for attorneys' fees and costs based on Section 10 of the contract, which provides:

> "If any party to this Contract brings a cause of action against the other party arising from or relating to the Contract, the prevailing party in such proceeding shall be entitled to recover its reasonable attorney fees and court costs."

In ruling on the parties' cross-motions for attorneys' fees, the trial justice concluded: (1) that Vinagro's unjust-enrichment claim did not fall within the contract's fee-shifting provision because it was an equitable claim that did not arise out of the contract; and (2) that "this was a split decision" in which "both sides won and both sides lost" because each party had prevailed on certain aspects of the underlying case. Significantly, the trial justice declined to consider the monetary awards for each cause of action, explaining that he was not interested in mathematical calculations because, "[w]hile the award of money is an important factor to consider * * * it is not the sole focus of the inquiry."

Additionally, the trial justice noted a lack of precedent in this jurisdiction concerning discretion to award attorneys' fees in split decisions where a contractual fee-shifting provision is present. Because of this, he relied on caselaw from other jurisdictions supporting the proposition that, where the trial court finds that both

- 4 -

parties prevailed on significant issues, the trial justice has discretion to determine that no party prevailed in the litigation and may decline to award attorneys' fees under a prevailing-party provision. *See Empire Development Co. v. Johnson*, 770 P.2d 525, 530 (Mont. 1989) (explaining that, although the "award of money is an important factor to consider * * * it is not the sole focus of the inquiry * * * where the parties have mutually breached the same contract," and thus, holding that the lower court did not err by refusing to grant either party attorneys' fees); *Anderson & Karrenberg v. Warnick*, 289 P.3d 600, 604 (Utah Ct. App. 2012) (finding that trial court did not exceed its discretion by concluding that neither party was entitled to an award of attorneys' fees because there was no prevailing party); *Browning-Ferris Industries, Inc. v. Casella Waste Management of Massachusetts, Inc.*, 945 N.E.2d 964, 975-76 (Mass. App. Ct. 2011) (affirming trial judge's finding that, because neither party was a "prevailing party" within the meaning of the contract, the litigation produced a split decision, and holding that such a "divided outcome precludes either side from the usual status of 'prevailing party'"); *Brevard County Fair Association, Inc. v. Cocoa Expo, Inc.*, 832 So. 2d 147, 151 (Fla. Dist. Ct. App. 2002) (explaining that in instances where the trial court finds that both parties prevailed on significant issues, "the trial judge has discretion to determine no party prevailed in the litigation and it is proper to deny an award of attorney's fees under a prevailing party contract or statute"). Based on this caselaw, the trial justice

declined to award either party attorneys' fees and costs and directed Vinagro and Pine Street to each bear its own expenses incurred as a result of the litigation. Thereafter, final judgment entered on January 11, 2019, in the consolidated matters, and Vinagro timely appealed the denial of its attorneys' fees and costs in both PM 12-1322 and PM 12-1719.

## Standard of Review

"We have repeatedly stated that, in conducting a review of a trial justice's award of attorneys' fees, 'the issue of whether there exists a *basis* for awarding attorneys' fees generally is legal in nature, and therefore our review of such a ruling is *de novo*.'" *America Condominium Association, Inc. v. Mardo*, 140 A.3d 106, 115 (R.I. 2016) (brackets omitted) (quoting *Dauray v. Mee*, 109 A.3d 832, 845 (R.I. 2015)). "Accordingly, we have further stated that 'only if it is determined that there is such a legal basis, then this Court will review a motion justice's actual award of attorneys' fees for an abuse of discretion.'" *Id*. (brackets omitted) (quoting *Dauray*, 109 A.3d at 845). "This Court has long adhered to the 'American rule' that 'requires each litigant to pay its own attorney's fees absent statutory authority or contractual liability.'" *Id*. (quoting *Moore v. Ballard*, 914 A.2d 487, 489 (R.I. 2007)).

**Discussion**

On appeal, Vinagro contends that the trial justice erred in denying Vinagro's motion for attorneys' fees and costs, arguing that while discretion may be exercised by the trial justice in determining whether a particular party prevailed in a given matter, the trial justice is "divested of discretion when it comes to determining the prevailing party's contractual entitlement to attorneys' fee[s] and costs" when faced with a fee-shifting provision. More specifically, Vinagro asserts that the "phrases 'shall be entitled' and 'shall be awarded' in the context of a contractual fee-shifting provision are indistinguishable and mandate that attorneys' fees be awarded to the prevailing party as a matter of right." Moreover, Vinagro avers that not only is Vinagro the prevailing party in this matter but that it is entitled to an attorneys' fees award as a matter of right pursuant to the clear and unambiguous terms of the contract's fee-shifting provision and that, therefore, the trial justice's refusal to award such fees constitutes reversible error.

Additionally, Vinagro argues that public policy favors enforcing the contract's fee-shifting provision as written because two sophisticated parties—here, Vinagro and Pine Street—specifically bargained for such a provision. According to Vinagro, the contract's fee-shifting provision clearly demonstrates that the parties "wished to ensure that a prevailing party in any ensuing litigation would be reimbursed for its attorneys' fees." Consequently, construing this provision in such

a way as to afford the trial court discretion to award attorneys' fees to the prevailing party "would render the clear terms of the agreement a mere nullity" and would "incentivize the frivolous lawsuits which attorneys' fee-shifting provisions are intended to discourage[.]" Thus, Vinagro maintains that public policy favors enforcing the attorneys'-fee provision in the contract as written, and that the trial justice abused his discretion in determining that Vinagro was not a prevailing party and by declining to award Vinagro attorneys' fees and costs.

In response, Pine Street argues that the trial justice did not abuse his discretion in declining to award Vinagro attorneys' fees because an award of attorneys' fees is mandatory only if there is a prevailing party on the contractual claims. As such, an award of fees is not appropriate in this case because, according to Pine Street, Vinagro did not prevail on the significant issues related to its breach-of-contract claim, as the trial justice determined. Moreover, Pine Street maintains that this Court should afford the trial justice discretion in determining who is the prevailing party. Thus, Pine Street urges this Court to deny and dismiss Vinagro's appeal and hold that the trial justice did not abuse his discretion in declining to award Vinagro attorneys' fees and costs.

It is well settled that "the issue of whether there exists a basis for awarding attorneys' fees generally is legal in nature," and therefore such a ruling is reviewed *de novo*. *America Condominium Association, Inc.*, 140 A.3d at 115 (brackets and

- 8 -

emphasis omitted) (quoting *Dauray*, 109 A.3d at 845). This Court will review a trial justice's actual award for attorneys' fees for an abuse of discretion only if it is first determined that such a legal basis exists. *Id*. Consequently, we begin our analysis by looking to the contract to determine whether a legal basis exists for Vinagro's claim for attorneys' fees and costs. *See id*. at 115-16.

As noted, Section 10 of the contract provides that "[i]f any party to this Contract brings a cause of action against the other party arising from or relating to the Contract, the prevailing party * * * *shall be entitled to* recover its reasonable attorney fees and court costs." (Emphasis added.) A plain reading of Section 10 leads to the inescapable conclusion that the contract provides a legal basis for an award of attorneys' fees and costs. *See America Condominium Association, Inc.*, 140 A.3d at 116; *see also Rivera v. Gagnon*, 847 A.2d 280, 284 (R.I. 2004) (stating that a contract "must be viewed in its entirety, and the contract terms must be assigned their plain and ordinary meanings"). The words "shall be" and "entitled to" mandate an award of attorneys' fees and costs where a party prevails on a claim (or claims) arising from or relating to the contract. Section 10's fee-shifting mandate, however, is predicated on the existence of: (1) a prevailing party; and (2) a claim or claims arising from or relating to the contract.

Turning first to the question of who was the prevailing party, the trial justice declined to award either party attorneys' fees and costs, reasoning that each

party prevailed on certain aspects of the underlying case and that, therefore, there was no one prevailing party. On appeal, however, Vinagro argues that such a finding constitutes an abuse of discretion because "the fee-shifting provision * * * is an inviolable command that requires the trial justice to award the prevailing party * * * its reasonable fees and costs[.]" Vinagro maintains that "shall be entitled" is a clear mandate requiring the trial justice to identify the prevailing party in the instant litigation and award that party their reasonable attorneys' fees and costs. Thus, according to Vinagro, by failing to adhere to the clear terms of the fee-shifting provision contained in the contract, the trial justice committed reversible error.

In attempting to identify the prevailing party in this matter, the trial justice relied on the framework adopted by this Court in *Keystone Elevator Company, Inc. v. Johnson & Wales University*, 850 A.2d 912 (R.I. 2004). In *Keystone Elevator Company, Inc.*, we contemplated the meaning of the phrase "prevailing party" in the context of G.L. 1956 § 34-28-19, Rhode Island's mechanics' lien statute. *Keystone Elevator Company, Inc.*, 850 A.2d at 917-18. In doing so, this Court embraced the significant-issues test endorsed by the Supreme Court of Florida, which provides that "the fairest test to determine who is the prevailing party is to allow the trial judge to determine from the record which party has in fact prevailed on the significant issues tried before the court." *Id*. at 918 (quoting *Prosperi v. Code,*

*Inc.*, 626 So. 2d 1360, 1363 (Fla. 1993)). Importantly, this Court made clear that "[s]uch a standard places the determination of which party is the 'prevailing party' precisely where it ought to be, within the sound discretion of the trial justice." *Id.* at 919. As we have previously explained, "a trial justice is in the best position to assess the merit of each party's claims or defenses, and to determine which party fairly may be said to have prevailed on the significant issues." *Id.* Consequently, the question of which party is the prevailing party is a factual one that will be reviewed for an abuse of discretion. *See id.*

Applying the significant-issues test as adopted in *Keystone Elevator Company, Inc.*, the trial justice explained that Vinagro prevailed in recovering $145,500 on the base contract and on Vinagro's unjust-enrichment claim, and that Pine Street had prevailed on its liquidated-damages claim. The trial justice determined, however, that Vinagro's unjust-enrichment claim did not fall within the scope of Section 10 because the claim was equitable in nature and therefore did not arise out of the contract. The trial justice further explained that the two significant issues in this case were dewatering and the contaminated soils; Pine Street prevailed on the former and Vinagro prevailed on the latter. The trial justice also noted that, although the amounts recovered on these respective claims were different, he did not believe that a mathematical calculation was useful in determining which party prevailed on the significant issues of the case. For these reasons, the trial justice

- 11 -

determined that this case was a split decision and, thus, it was fair and equitable to require each side to bear its own attorneys' fees and court costs.

Although the trial justice's reliance on *Keystone Elevator Company, Inc.* was understandable in attempting to identify the prevailing party, the trial justice's subsequent finding that no party had prevailed, without a more fact-intensive, case-specific analysis, was erroneous. *Keystone Elevator Company, Inc.* involved an award of attorneys' fees in the context of Rhode Island's mechanics' lien statute, which explicitly provides the trial court with discretion to award fees to the prevailing party. *See Keystone Elevator Company, Inc.*, 850 A.2d at 917. Indeed, the statute expressly states that "[t]he court, *in its discretion*, may also allow for the award of attorneys' fees to the prevailing party." Section 34-28-19 (emphasis added). In the instant case, however, the trial justice was faced with a contract containing a mandatory fee-shifting provision that required a determination of, among other things, a prevailing party. This Court "staunchly adheres to the American rule that requires each litigant to pay its own attorney's fees *absent statutory authority or contractual liability*." *Arnold v. Arnold*, 187 A.3d 299, 315 (R.I. 2018) (emphasis added) (brackets omitted) (quoting *Danforth v. More*, 129 A.3d 63, 72 (R.I. 2016)). These two sophisticated parties freely and fairly bargained for Section 10's fee-shifting mandate and intended for the prevailing party to any proceeding arising from or relating to the contract to be reimbursed for its

- 12 -

attorneys' fees. Consequently, the trial justice was divested of discretion with respect to determining an entitlement to attorneys' fees; the trial justice was required to resolve the question of which party was the prevailing party.

The appropriate standard for determining who is the prevailing party in the context of a contract containing a mandatory fee-shifting provision, for which the contract provides no specific definition, is a matter of first impression for this Court. In breach-of-contract actions such as the present case, some courts have held that the trial justice must designate one party as the prevailing party. *See, e.g.*, *Green Companies, Inc. v. Kendall Racquetball Investment, Ltd.*, 658 So. 2d 1119, 1121 (Fla. Dist. Ct. App. 1995); *Lucite Center, Inc. v. Mercede*, 606 So. 2d 492, 493 (Fla. Dist. Ct. App. 1992) ("In a breach of contract action, one party must prevail."); *Reinhart v. Miller*, 548 So. 2d 1176, 1177 (Fla. Dist. Ct. App. 1989). Others, however, have endorsed a more flexible approach that affords the trial justice greater discretion in determining who the prevailing party is when faced with a situation in which both or neither party may be considered to have prevailed. *See, e.g.*, *R.T. Nielson Company v. Cook*, 40 P.3d 1119, 1127 (Utah 2002); *Empire Development Co.*, 770 P.2d at 530; *Skylink Jets, Inc. v. Klukan*, 308 So. 3d 1048, 1052-54 (Fla. Dist. Ct. App. 2020); *Anderson & Karrenberg*, 289 P.3d at 603-04; *Browning-Ferris Industries, Inc.*, 945 N.E.2d at 976; *Brevard County Fair Association, Inc.*, 832 So. 2d at 151.

For instance, in *R.T. Nielson Company*, the Utah Supreme Court was faced with a similar contractual fee-shifting provision which provided that "the prevailing party to any litigation brought to enforce any provision of this Agreement shall be awarded its costs and attorneys fees." *R.T. Nielson Company*, 40 P.3d at 1122 (brackets omitted). The Utah Supreme Court explained that determining which party is the prevailing party is an appropriate question for the trial court—one which depends largely on "the context of each case, and, therefore, it is appropriate to leave this determination to the sound discretion of the trial court." *Id*. at 1126-27. The Utah Supreme Court stated that, in determining which party is the prevailing party, appropriate considerations for the trial court include, but are not limited to:

> "(1) contractual language, (2) the number of claims, counterclaims, cross-claims, etc., brought by the parties, (3) the importance of the claims relative to each other and their significance in the context of the lawsuit considered as a whole, and (4) the dollar amounts attached to and awarded in connection with the various claims." *Id*. at 1127.

Importantly, the Utah Supreme Court explained that "[i]n most cases involving language similar to the contractual language before us here, there can generally be only one prevailing party." *Id*. However, the court also noted that the above-mentioned standard may permit a case-by-case evaluation and affords the trial court flexibility to handle unique circumstances "where both, or neither, parties may be considered to have prevailed." *Id*.

Similar to Utah, Florida has also endorsed a flexible approach to determining the prevailing party in the context of breach-of-contract cases to afford the trial justice greater discretion when faced with a situation in which both parties or neither party may be considered to have prevailed. *See Skylink Jets, Inc.*, 308 So. 3d at 1052-54; *Newton v. Tenney*, 122 So. 3d 390, 392 (Fla. Dist. Ct. App. 2013); *Hutchinson v. Hutchinson*, 687 So. 2d 912, 913 (Fla. Dist. Ct. App. 1997). More specifically, Florida courts have recently stated that while there generally is only one prevailing party in a breach-of-contract action, "there may be compelling circumstances in which a trial court determines that neither party prevailed in a breach of contract action." *Newton*, 122 So. 3d at 392; *see also Hutchinson*, 687 So. 2d at 913. Although Florida courts have not expressly defined what constitutes compelling circumstances, a review of relevant Florida caselaw suggests that compelling circumstances may exist when the parties battle to a draw such that neither party prevailed in the litigation. *See, e.g.*, *M.A. Hajianpour, M.D., P.A. v. Khosrow Maleki, P.A.*, 975 So. 2d 1288, 1289-90 (Fla. Dist. Ct. App. 2008) (explaining that compelling circumstances existed for the trial justice to decline to award fees because neither party prevailed on the significant issues in the litigation); *Newton*, 122 So. 3d at 392 (reversing trial justice's decision not to award fees because one party prevailed on the significant issue in the litigation, and, thus, no compelling

circumstances existed to justify a denial of attorneys' fees); *Skylink Jets, Inc.*, 308 So. 3d at 1054.

These prevailing-party tests endorsed by Utah and Florida are the approaches we deem most acceptable. As other courts have highlighted, utilizing a flexible and reasoned approach affords the trial court sufficient discretion and places it in the best position to properly ascertain which party prevailed, particularly in complicated cases involving multiple claims and parties. *See R.T. Nielson Company*, 40 P.3d at 1127; *Skylink Jets, Inc.*, 308 So. 3d at 1053-54 (noting that the Florida Supreme Court has emphasized a flexible approach that gives the trial courts broad discretion in determining which party is the prevailing party, including the discretion to make a determination that neither party has prevailed if compelling circumstances are present); *KCIN, Inc. v. Canpro Investments, Ltd.*, 675 So. 2d 222, 223 (Fla. Dist. Ct. App. 1996). As one court explained:

> "Prevailing party attorney's fees are just and proper in the majority of contract litigation. We are concerned, however, with contracts that fail as a result of fault by both contracting parties. A rule which requires an award of prevailing party attorney's fees in all cases may result in an unjust reward to a party whose conduct caused the failure of the contract. The rule is especially inequitable in the ever increasing number of cases in which the attorney's fees far exceed the claims for damages arising from the contract."
> *KCIN, Inc.*, 675 So. 2d at 223.

We agree. While most cases containing language similar to that found in Section 10 of the contract before us will result in the determination of one prevailing party, there may be compelling circumstances which justify a finding that both, or neither, of the parties may be considered to have prevailed. *See Skylink Jets, Inc.*, 308 So. 3d at 1053; *Newton*, 122 So. 3d at 392; *Hutchinson*, 687 So. 2d at 913 ("In a breach of contract action, one party must prevail, absent compelling circumstances."). Such a finding, however, shall be left for those instances in which, after considering the above-mentioned factors, it is clear to the trial justice that such compelling circumstances exist to warrant a refusal to award fees.

Therefore, we hold that the trial justice erred in finding that neither party prevailed in the litigation despite the existence of a mandatory fee-shifting provision without a more comprehensive, fact-intensive, and case-specific analysis. Accordingly, we vacate the trial justice's findings in this regard and remand the matter to the Superior Court for a determination of the prevailing party by considering: "(1) [the] contractual language[;] (2) the number of claims, counterclaims, cross-claims, etc., brought by the parties[;] (3) the importance of the claims relative to each other and their significance in the context of the lawsuit considered as a whole[;] and (4) the dollar amounts attached to and awarded in connection with the various claims[,]" as well as whether compelling

circumstances exist to justify a finding that both parties, or neither party may be considered to have prevailed. *R.T. Nielson Company*, 40 P.3d at 1127.

## Unjust Enrichment

In addition to taking issue with the trial justice's determination that there was no prevailing party, Vinagro also challenges the trial justice's conclusion that its unjust-enrichment claim did "not fall within the language of Paragraph 10 because it's an equitable remedy, and * * * not a cause of action that arises out of the contract." Vinagro argues that the expansive scope of the contract's fee-shifting provision entitles it to attorneys' fees related to prosecuting both its breach-of-contract and unjust-enrichment claims. Vinagro points out that the contract's fee-shifting provision specifically applies to causes of action "*arising from or relating to the Contract*," which, according to Vinagro, evidences the parties' intent that for claims arising from their obligations under the contract or relating to the work on the subject project, the prevailing party is entitled to recoup its attorneys' fees and costs. According to Vinagro, its "extra costs and expenses incurred due to unforeseen work on the project [we]re certainly costs and expenses 'arising from or relating to' the [contract]." Thus, Vinagro avers that interpreting Section 10 as not encompassing its unjust-enrichment claim would render the foregoing language mere surplusage. Pine Street, however, argues that the trial justice correctly found that Vinagro's unjust-enrichment claim does not come within the scope of Section 10 because

equitable claims such as unjust enrichment "only lie in the absence of a contractual relationship." Therefore, Pine Street contends that a claim "relating to the Contract" is, by definition, not one that sounds in unjust enrichment, and thus, Vinagro may not be awarded fees on this quasi-contractual claim.

In determining whether Vinagro's unjust-enrichment claim falls within the scope of the contract's fee-shifting provision, we deem it "appropriate to apply the laws of contract construction." *America Condominium Association, Inc.*, 140 A.3d at 113 (quoting *Sisto v. America Condominium Association, Inc.*, 68 A.3d 603, 611 (R.I. 2013)). "The determination of whether a contract's terms are ambiguous is a question of law to be decided by the court." *Botelho v. City of Pawtucket School Department*, 130 A.3d 172, 176 (R.I. 2016) (quoting *JPL Livery Services, Inc. v. Rhode Island Department of Administration*, 88 A.3d 1134, 1142 (R.I. 2014)); *see also Beacon Mutual Insurance Company v. Spino Brothers, Inc.*, 11 A.3d 645, 648 (R.I. 2011) ("[W]hether a contract is clear and unambiguous is a question of law.") It is well settled that this Court reviews questions of law *de novo*. *Botelho*, 130 A.3d at 176.

"We have often stated that, when we review a contract on appeal, the contract 'must be viewed in its entirety, and the contract terms must be assigned their plain and ordinary meanings.'" *America Condominium Association, Inc.*, 140 A.3d at 113 (quoting *Rivera*, 847 A.2d at 284). "Consequently, 'if the contract terms are clear

- 19 -

and unambiguous, judicial construction is at an end for the terms will be applied as written.'" *Id*. (brackets omitted) (quoting *Rivera*, 847 A.2d at 284). The Court will "refrain from engaging in mental gymnastics or from stretching the imagination to read ambiguity into a contract where none is present." *Id*. (brackets omitted) (quoting *Bliss Mine Road Condominium Association v. Nationwide Property and Casualty Insurance Co.*, 11 A.3d 1078, 1083 (R.I. 2010)). "A term in a contract is ambiguous when it is 'reasonably and clearly susceptible to more than one rational interpretation.'" *Botelho*, 130 A.3d at 176 (quoting *Miller v. Saunders*, 80 A.3d 44, 49 (R.I. 2013)); *see also America Condominium Association, Inc.*, 140 A.3d at 113 ("A contract is ambiguous only if it is 'reasonably and clearly susceptible of more than one interpretation.'") (quoting *Rivera*, 847 A.2d at 284).

In the instant matter, viewing the contract, and in particular Section 10, in its entirety and giving the terms thereof their plain, ordinary, and usual meanings, Vinagro's unjust-enrichment claim clearly and unambiguously falls within the scope of Section 10. While the trial justice was correct in concluding that equitable remedies are not causes of action that generally arise out of contract, the trial justice overlooked the words, "*or relating to the Contract*." These words cannot be ignored. As Vinagro correctly notes, Vinagro's extra costs and expenses incurred due to the unforeseen work on the project unquestionably relate to the contract for the obvious reason that but for the existence of the contract, Vinagro would not have been

obligated to perform the unforeseen work. Thus, while we agree with the trial justice that Vinagro's unjust-enrichment claim does not arise from the contract, it nevertheless is inextricably related to the contract. Therefore, the trial justice erred in concluding that Vinagro's unjust-enrichment claim does not fall within the scope of the contract's fee-shifting provision, and, consequently, we reverse the trial justice's determination in this regard.

## Conclusion

For the foregoing reasons, we vacate the judgment of the Superior Court. This matter shall be remanded to the Superior Court for a determination of who is the prevailing party through application of the standard adopted herein on the basis of the existing record.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Clean Harbors Environmental Services, Inc. v. 96-108 Pine Street LLC v. J. R. Vinagro Corporation.<br><br>J.R. Vinagro Corporation v. 96-108 Pine Street LLC. |
| **Case Number** | No. 2019-164-Appeal.<br>(PM 12-1322)<br><br>No. 2019-165-Appeal.<br>(PM 12-1719) |
| **Date Opinion Filed** | January 5, 2023 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Erin Lynch Prata |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Richard A. Licht |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Jackson C. Parmenter, Esq. |
| | For Defendant:<br><br>Armando E. Batastini, Esq. |

SU-CMS-02A (revised November 2022)