975 So.2d 1288 (2008)
M.A. HAJIANPOUR, M.D., P.A., a Florida professional association; Zoya Physical Therapy and Rehabilitation Center, Inc.; and M.A. Hajianpour, M.D., Appellants,
v.
KHOSROW MALEKI, P.A., a Florida professional association; and Khosrow Maleki, M.D., individually, Appellees.
No. 4D07-2533.
District Court of Appeal of Florida, Fourth District.
March 19, 2008.
*1289 John R. Kelso of Levey, Filler, Rodriguez, Kelso & De Bianchi, LLP, Miami, for appellants.
Peter H. Levitt of Shutts & Bowen, LLP, Miami, for appellees.
DAMOORGIAN, J.
Hajianpour appeals from an order declining to grant him prevailing party attorney's fees. The trial court held that Hajianpour was not the prevailing party on the significant issues in litigation. We agree with the trial court and affirm.
By way of background, Maleki entered into a two-year employment agreement with Hajianpour to work as an orthopedic surgeon in his practice on September 1, 1990. The agreement allowed for termination without cause with sixty days notice, and called for prevailing party attorney's fees. Hajianpour gave notice that the contract would terminate in 1992 and filed an action for declaratory judgment to prevent Maleki from exercising a stock option. Maleki counterclaimed for anticipatory breach of contract, fraud in the inducement, declaratory judgment, and breach of contract. The trial court entered summary judgment for Hajianpour. On appeal, this Court reversed and ordered that summary judgment be entered in favor of Maleki. Khosrow Maleki, P.A. v. M.A. Hajianpour, M.D., P.A., 771 So.2d 628 (Fla. 4th DCA 2000) (Maleki I).
Maleki thereafter sought damages for breach of contract. A jury awarded Maleki over four million dollars in damages. This Court reversed on appeal finding that Maleki's damage calculations were purely speculative and ordered that judgment be granted in favor of Hajianpour. M.A. Hajianpour, M.D., P.A. v. Khosrow Maleki, P.A., 932 So.2d 459 (Fla. 4th DCA 2006) rev. denied 949 So.2d 198 (Fla.2007) (Maleki II).
Hajianpour then moved for prevailing party attorney's fees. He asserted that he was the prevailing party because Maleki II found that he had owed no financial obligation to Maleki. The trial court denied the motion, holding that Hajianpour was not the prevailing party because he had lost the significant issues in litigation in Maleki I. Hajianpour appeals this order.
The standard of review for prevailing party attorney's fees is abuse of discretion. Turovets v. Khromov, 943 So.2d 246 (Fla. 4th DCA 2006). The trial court must enforce contractually provided for attorney's fees absent compelling circumstances. Hutchinson v. Hutchinson, 687 So.2d 912 (Fla. 4th DCA 1997). For the purpose of attorney's fees, the prevailing party is the party that won on the significant issues in litigation. Moritz v. *1290 Hoyt Enters., Inc., 604 So.2d 807 (Fla. 1992).
Maleki prevailed on the significant issues in litigation by defeating Hajianpour's complaint and succeeding on his own counterclaims (Maleki I) despite never collecting damages (Maleki II). See Scutti v. Daniel E. Adache & Assos. Architects, P.A., 515 So.2d 1023, 1024-25 (Fla. 4th DCA 1987); see also Stout Jewelers, Inc. v. Corson, 639 So.2d 82 (Fla. 2d DCA 1994). As such, it appears that the parties battled to a draw. It is not an abuse of discretion to decline to award attorney's fees when a court determines that neither party prevailed. See Merchants Bonding Co. v. City of Melbourne, 832 So.2d 184, 186 (Fla. 5th DCA 2002). Thus, Hajianpour is not entitled to attorney's fees as he was not the prevailing party on the significant issues in litigation. See Green Cos. Inc. v. Kendall Racquetball Inv., Ltd., 658 So.2d 1119 (Fla. 3d DCA 1995). We therefore affirm.
Affirmed.
KLEIN and HAZOURI, JJ., concur.