*355
 
 DAMOORGIAN, J.
 

 Animal Wrappers and Doggie Wrappers, Inc. (hereinafter “Animal Wrappers”) appeals a final judgment awarding it money damages on its breach of contract claim, but denying it prevailing party attorney’s fees. We reverse, concluding the trial court erred by determining that neither party prevailed.
 

 This case arises out of a landlord-tenant dispute. Animal Wrappers, as tenant, and Courtyard Distribution Center, Inc. (hereinafter “Courtyard”), as landlord, were parties to a written lease agreement for premises located in Sunrise, Florida. A fire caused extensive damage to the premises, and as a result, Animal Wrappers vacated the premises. Animal Wrappers sought return of its security deposit in the amount of $6,798.00. Animal Wrappers then filed a complaint for breach of the lease agreement against Courtyard and Joseph Vitolo, alleging that Courtyard wrongfully refused to return its security deposit after it had been constructively evicted due to the fire.
 
 [1]
 
 Courtyard responded by filing, inter alia, a counterclaim alleging Animal Wrappers wrongfully abandoned the premises and breached the lease agreement. Courtyard further demanded an acceleration of rent due under the lease in the amount of $62,700.00. Both parties requested an award of attorney’s fees pursuant to a prevailing party provision in the lease.
 

 After a bench trial, the trial court entered a final judgment, which provided, in pertinent part, that Animal Wrappers prevailed on its claim that the lease was terminated by the fire. The trial court also determined Animal Wrappers was entitled to the return of its security deposit, after a set-off for certain expenses incurred by Courtyard.
 
 [2]
 
 In addition, Animal Wrappers prevailed on Courtyard’s counterclaim, with the trial court concluding that no additional rent was due to Courtyard under the acceleration provision of the lease. Lastly, the trial court denied attorney’s fees to both parties, concluding that “no party prevailed.” Animal Wrappers appeals the denial of attorney’s fees.
 

 To the extent we are required to interpret the terms of the parties’ lease agreement as to attorney’s fees, our review is de novo.
 
 See Port-A-Weld, Inc. v. Padilla & Wadsworth Constr., Inc.,
 
 984 So.2d 564, 568 (Fla. 4th DCA 2008) (“Generally, interpretation of a document, such as a written contract, is a question of law rather than of fact. For that reason, such cases are reviewed
 
 de novo.”)
 
 (citations omitted). “Courts have no discretion to decline to enforce this kind of contractual attorney’s fees provision.”
 
 Point E. Four Condo. Corp. v. Zevuloni & Assocs., Inc.,
 
 50 So.3d 687, 687 (Fla. 4th DCA 2010) (citing
 
 Rose v. Rose,
 
 615 So.2d 203, 204 (Fla. 4th DCA 1993)).
 

 Animal Wrappers argues that it prevailed because it succeeded on the significant issues in litigation and Courtyard obtained no relief on its counterclaim. Courtyard argues that because Animal Wrappers received the return of only a portion of its security deposit, the trial court did not abuse its discretion in holding that neither party prevailed.
 

 The Florida Supreme Court has explained “that the fairest test to determine who is the prevailing party is to allow the
 
 *356
 
 trial judge to determine from the record which party has in fact prevailed on the significant issues tried before the court.”
 
 Moritz v. Hoyt Enters., Inc.,
 
 604 So.2d 807, 810 (Fla.1992);
 
 see also M.A. Hajianpour, M.D., P.A. v. Khosrow Maleki, P.A.,
 
 975 So.2d 1288, 1289-90 (Fla. 4th DCA 2008) (discussing the “significant issues” test as the way to determine the prevailing party for the purpose of an attorney’s fees award).
 

 “Although some districts recognize that cases can sometimes effectively be “ties,” such that the parties can both be viewed as winners or losers, we have maintained that ‘[i]n a breach of contract action, one party must prevail.’ ”
 
 Port-A-Weld, Inc.,
 
 984 So.2d at 569 (quoting
 
 Lucite Ctr., Inc. v. Mercede,
 
 606 So.2d 492, 493 (Fla. 4th DCA 1992)).
 
 But see Hutchinson v. Hutchinson,
 
 687 So.2d 912, 918 (Fla. 4th DCA 1997) (recognizing that there can be “compelling circumstances” in which a trial court determines that neither party prevailed in a breach of contract action). In
 
 Port-A-Weld,
 
 we held that the subcontractor was clearly the prevailing party under the “significant issues” test where it was entitled to virtually its entire contract price and the general contractor succeeded in recovering less than 20% of the offsets it claimed.
 
 Port-A-Weld,
 
 984 So.2d at 569.
 

 Much like
 
 Port-A-Weld,
 
 this case was not even close to a “tie.”
 
 See id.
 
 Animal Wrappers unquestionably prevailed on all of the significant issues raised in this litigation. In its final judgment, the trial court held that the lease was terminated, and Animal Wrappers was entitled to the return of its security deposit minus a set-off for certain claims by Courtyard. We find no merit to Courtyard’s assertion that neither party prevailed based on the fact that Animal Wrappers received the return of less than the full amount of its security deposit. Animal Wrappers recovered the majority of its deposit, and, more importantly, Courtyard did not prevail on its counterclaim seeking $62,700.00 in damages.
 

 We hold the trial court erred by failing to award attorney’s fees to Animal Wrappers as the prevailing party. Accordingly, we reverse and remand to determine the reasonable attorney’s fees to which Animal Wrappers is entitled.
 

 Reversed and Remanded.
 

 GERBER, J„ and MARX, KRISTA, Associate Judge, concur.
 

 [1]
 

 . Animal Wrappers dropped its claim against Vitolo on the first day of trial.
 

 [2]
 

 . Animal Wrappers was awarded $4,453.33 on its claim for $6,798.00. The trial court deducted $2,344.67 in set-offs from the deposit for carpet repairs and labor, clean-up, and dumpster costs incurred by Courtyard.