PER CURIAM.
The issue presented in these consolidated appeals and cross-appeal is whether either party prevailed for purposes of an award of attorney’s fees when a jury determined that appellee breached a contract but awarded appellant no damages. We find that the trial court erred in determining that neither party prevailed for purposes of awarding attorney’s fees and in determining that appellee prevailed for purposes of awarding costs. We find that appellant was the prevailing party for purposes of both attorney’s fees and costs and reverse.
The party who prevails “on the significant issues in the litigation is the ... prevailing party for attorney’s fees.” Moritz v. Hoyt Enters., Inc., 604 So.2d 807, 810 (Fla.1992). Absent compelling circumstances, “we have maintained that ‘[i]n a breach of contract action, one party must prevail.’ ” Animal Wrappers & Doggie Wrappers, Inc. v. Courtyard Distrib. Ctr., Inc., 73 So.3d 354, 356 (Fla. 4th DCA 2011) (citation omitted). In the present case, only appellant’s breach of contract claim was submitted to the jury. The jury found that appellee breached its declaration of covenants with appellant, though it awarded appellant “$0.” Despite the absence of damages, the finding that appellee breached the contract made appellant the prevailing party on the litigation’s significant issues. Green Cos., Inc. v. Kendall Racquetball Inv., Ltd., 658 So.2d 1119, 1121 (Fla. 3d DCA 1995). Court costs under section 57.041, Florida Statutes, are also “governed by the ‘prevailing party’ standard.” Wyatt v. Milner Document Prods., Inc., 932 So.2d 487, 490 (Fla. 4th DCA 2006), abrogated on other grounds by Westgate Miami Beach, LTD. v. Newport Operating Corp., 55 So.3d 567 (Fla.2010). Appellant is therefore the prevailing party for purposes of an award of costs as well. See Sunshine Bottling Co. v. Tropicana Prods., Inc., 757 So.2d 1231, 1233 (Fla. 3d DCA 2000). As a result, we reverse and remand for the trial court to determine appellant’s reasonable attorney’s fees and costs.

Reversed and remanded.

POLEN, HAZOURI and LEVINE, JJ., concur.