# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**COCONUT KEY HOMEOWNER'S ASSOCIATION, INC.,**
Appellant,

v.

**GONZALEZ,**
Appellee.

Nos. 4D17-739 & 17-1749

[May 9, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael L. Gates, Judge; L.T. Case No. 09-061407(12).

Joseph D. Garrity of Garrity Traina, PLLC, Coconut Creek, for appellant.

Alexis Fields of Kopelowitz Ostrow, P.A., Fort Lauderdale, for appellee.

KLINGENSMITH, J.

Coconut Key Homeowner's Association, Inc. ("the Association"), as the appellant/cross-appellee, seeks review of an order imposing a mandatory injunction against it. Gonzalez, as appellee/cross-appellant, appeals the denial of her request for attorney's fees and costs. Accordingly, there are two issues presented in this appeal and cross-appeal. First, whether the trial court erred in issuing the injunction against the Association. Second, whether Gonzalez prevailed in the underlying action for purposes of an award of attorney's fees when the jury found that the Association breached a contract, but awarded no damages to Gonzalez. We affirm as to the entry of the injunction, and also find that Gonzalez was the prevailing party for purposes of awarding both attorney's fees and costs.

Gonzalez filed a complaint against the Association. Under count one, "Breach of Governing Documents," Gonzalez alleged that the Association had "breached, and continue[d] to breach the Governing Documents by failing to properly manage the surface water management system," which caused her property to consistently flood when it rained, and led to

significant damage to her home.[1]  She sought monetary damages for the breach.  Under count two, "Injunction," Gonzalez alleged that the Association failed to address the issue of the existence of several unauthorized wood decks and other alterations on other properties, and failed to rectify the chronic flooding problems arising in her own backyard area; consequently, she sought enforcement of the various applicable covenants and restrictions in the Association's governing documents.[2]

In their joint pretrial stipulation, both parties agreed on the underlying issue in the case:

> This case involves [the Association]'s alleged violation of its [governing documents].  Defendant is a duly formed homeowners association, of which [Gonzalez] is a resident member.  **In this action, it is alleged by [Gonzalez] that the [Association] has failed to comply with the [A]ssociation's governing documents by failing to properly maintain the surface water management system behind her residence which has resulted in a flooding problem.  [Gonzalez] seeks an injunction requiring the Association to cure the alleged surface water management violations and stop the flooding problem.**

(Emphasis added).

After a trial on these issues, the jury found that the Association breached its governing documents by failing to maintain and operate the surface water management system on Gonzalez's property, but that the breach was not a legal cause of damage to Gonzalez.  As a result, Gonzalez was awarded no monetary damages on count one.

The trial court conducted a post-trial hearing on whether to issue an injunction against the Association pursuant to count two.  After the hearing, it granted Gonzalez's motion for entry of a mandatory injunction.  The court's decision was in accord with the jury's finding that the Association violated clear legal rights in its governing documents, which caused Gonzalez irreparable harm without an adequate remedy under the law.

---

[1] The governing documents referenced are the Association's Declaration of Restrictions, Articles of Incorporation, By-Laws, and Rules and Regulations.

[2] In counts three and four, Gonzalez alleged that because of the flooding she had a claim for "Nuisance" and "Trespass."  She dismissed these counts before trial, as well as all other defendants except the Association.

Gonzalez then filed a motion for attorney's fees and costs pursuant to section 720.305(1), Florida Statutes (2008). Following a hearing, the trial court denied Gonzalez's motion for attorney's fees and costs. Gonzalez timely appealed the denial of fees and costs, and the Association timely appealed the entry of the injunction.

### 1. Issuance of the injunction

"'[A]n order imposing a permanent injunction lies within the sound discretion of the trial court and will be affirmed absent a showing of abuse of discretion.'" *Smith v. Coal. to Reduce Class Size*, 827 So. 2d 959, 961 (Fla. 2002) (quoting *Operation Rescue v. Women's Health Ctr., Inc.*, 626 So. 2d 664, 670 (Fla. 1993)). Gonzalez sought a mandatory injunction to command specific conduct, specifically compliance with governing documents. "In order to establish entitlement to a mandatory injunction there must be a clear legal right which has been violated, irreparable harm must be threatened, and there must be a lack of an adequate remedy at law." *Amelio v. Marilyn Pines Unit II Condo. Ass'n, Inc.*, 173 So. 3d 1037, 1039 (Fla. 2d DCA 2015).

Section 718.303(1), Florida Statutes (2008), authorizes the extraordinary civil remedy of a mandatory injunction in cases involving condominium associations and their members. This section provides in pertinent part:

> (1) Each unit owner, each tenant and other invitee, and each association shall be governed by, and shall comply with the provisions of, this chapter, the declaration, the documents creating the association, and the association bylaws and the provisions thereof shall be deemed expressly incorporated into any lease of a unit. **Actions for damages or for injunctive relief, or both, for failure to comply with these provisions may be brought by the association or by a unit owner against**:
>
> (a) The association.
>
> (b) A unit owner.

§ 718.303(1) (emphasis added). Similarly, section 720.305(1) authorizes courts to impose equitable remedies in disputes between homeowners and their associations:

(1) Each member and the member's tenants, guests, and invitees, and each association, are governed by, and must comply with, this chapter, the governing documents of the community, and the rules of the association. **Actions at law or in equity, or both, to redress alleged failure or refusal to comply with these provisions may be brought by the association or by any member against**:

    (a) The association.

    (b) A member[.]

(Emphasis added); *see also Fox v. Madsen*, 12 So. 3d 1261, 1263 (Fla. 4th DCA 2009) ("[A] mandatory injunction is the proper method of enforcing restrictive agreements on property."); *Abbey Park Homeowners Ass'n v. Bowen*, 508 So. 2d 554, 555 (Fla. 4th DCA 1987) ("Injunctive relief is an appropriate remedy for the enforcement of regulations contained in a declaration of condominium.").

After careful review of the record in this case, which included three full days of conflicting testimony and evidence before a jury, we find no error in the trial court's issuance of an injunction against the Association. Here, the record shows that Gonzalez satisfied each of the three elements needed to obtain an injunction.

First, Gonzalez demonstrated that a clear legal right was violated when the jury found the Association violated its governing documents for failing to properly maintain the surface water management system at Gonzalez's property. *See Billian v. Mobil Corp.*, 710 So. 2d 984, 992 (Fla. 4th DCA 1998) ("Where the fact issues decided by a jury in an action at law are sufficiently similar to the fact issues on a related equitable claim, the trial court is bound by the jury's findings of fact in making its ruling on the equitable claim.").

Second, Gonzalez proved irreparable harm since multiple witnesses testified that the flooding problem could only be resolved if the Association fixed the swales and drainage system near Gonzalez's property.

Third, Gonzalez did not have an adequate remedy at law. Any potential award of compensatory damages would only address repairs to whatever structural damage was caused by previous flooding. While damages for the diminished value of her property caused by future flooding could conceivably be recovered, only an injunction requiring the Association to comply with its governing documents would prevent future harm.

Therefore, we affirm the trial court's order issuing a mandatory injunction against the Association.

2. Attorney fees and costs

In general, we review a trial court's determination of the prevailing party for an abuse of discretion. *See T & W Developers, Inc. v. Salmonsen*, 31 So. 3d 298, 301 (Fla. 5th DCA 2010). However, when the trial court's determination of which party prevails depends on the interpretation of a statute or a contract, we apply a de novo standard of review. *Id.*; *accord Shirley's Pers. Care Servs. of Okeechobee, Inc. v. Boswell*, 165 So. 3d 824, 827-28 (Fla. 4th DCA 2015). Here, the trial court's determination of the prevailing party does not depend on the interpretation of either a statute or the parties' agreement. Thus, we review the trial court's determination of whether Gonzalez was the prevailing party for abuse of discretion.

The exercise of the trial court's discretion is "subject to the test of reasonableness, i.e., [it] must be supported by logic and justification for the result and founded on substantial, competent evidence." *In re Guardianship of Sapp*, 868 So. 2d 687, 693 (Fla. 2d DCA 2004).

In addition to the excerpt cited above, section 720.305(1) provides, "The prevailing party in any such litigation is entitled to recover reasonable attorney fees and costs." This section specifically covers disputes that occur between homeowners and homeowner's associations. Additionally, Gonzalez referenced multiple sections of Chapter 720, Florida Statutes, in support of her claim as stated in her complaint. Therefore, this section applies to this action.

When there is a prevailing party statute or contract, reasonable attorney fees must be awarded. *See Sorrentino v. River Run Condo. Ass'n*, 925 So. 2d 1060, 1066 (Fla. 5th DCA 2006). "For the purpose of attorney's fees, the prevailing party is the party that won on the significant issues in litigation." *M.A. Hajianpour, M.D., P.A. v. Khosrow Maleki, P.A.*, 975 So. 2d 1288, 1289 (Fla. 4th DCA 2008). In this case, the trial court found that Gonzalez was not the prevailing party by focusing primarily on the amount of the judgment she received—or more specifically, the lack of any monetary award to her—rather than on the substance of what occurred in the litigation. This was error.

In an analogous case from this court, *Khodam v. Escondido Homeowner's Ass'n, Inc.*, 87 So. 3d 65, 66 (Fla. 4th DCA 2012), a homeowner sued her homeowner's association for breaching its

declaration of covenants. Like this case, the jury found that the homeowner's association breached the covenants, but awarded the homeowner no damages. *Id.* Despite the zero-damage award, we held that the homeowner was the prevailing party for purposes of recovering attorney's fees and costs, and reversed the trial court order denying the claim:

> The party who prevails "on the significant issues in the litigation is the . . . prevailing party for attorney's fees." *Moritz v. Hoyt Enters., Inc.*, 604 So. 2d 807, 810 (Fla. 1992). Absent compelling circumstances, "we have maintained that '[i]n a breach of contract action, one party must prevail.'" *Animal Wrappers & Doggie Wrappers, Inc. v. Courtyard Distrib. Ctr., Inc.,* 73 So. 3d 354, 356 (Fla. 4th DCA 2011) (citation omitted). In the present case, only appellant's breach of contract claim was submitted to the jury. The jury found that appellee breached its declaration of covenants with appellant, though it awarded appellant "$0." **Despite the absence of damages, the finding that appellee breached the contract made appellant the prevailing party on the litigation's significant issues**. *Green Cos., Inc. v. Kendall Racquetball Inv., Ltd.*, 658 So. 2d 1119, 1121 (Fla. 3d DCA 1995).

*Id.* (emphasis added).

We recognize that in other jurisdictions, it is the amount of the judgment, not merely the verdict, that trial courts consider in determining whether to award attorney's fees. *See, e.g.*, *Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 656 (Texas 2009) (holding that "law nor logic favors a rule that bestows 'prevailing party' status upon a plaintiff who . . . pockets nothing except a jury finding of non-injurious breach[,]" and to prevail where a party seeks only actual damages "there must be a showing that the plaintiff was actually harmed, not merely wronged.").

When looking for the meaning of common and ordinary legal terms, courts routinely refer to Black's Law Dictionary, which defines "prevailing party" as "[a] party in whose favor a judgment is rendered, *regardless of the amount of damages awarded*." BLACK'S LAW DICTIONARY 1154 (8th ed. 2004) (emphasis added). Ignoring the second, emphasized phrase by making even a "no money judgment" dispositive would seem to be a departure from the ordinary meaning of "prevailing party." Normally, the "touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." *Texas State Teachers Ass'n v.*

*Garland Indep. School Dist.*, 109 S.Ct. 1486, 1494 (1989) (stating that a technical victory may be so insignificant as to be insufficient to support prevailing party status). Such a "material alteration" typically occurs when a plaintiff secures an "enforceable judgment[ ] on the merits." *Buckhannon Board & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 121 S.Ct. 1835, 1840 (2001). The Supreme Court has also reasoned that the amount of a judgment is critical to the prevailing party determination by holding that a "prevailing party" is one who has been awarded some relief by the court, even if it is nominal damages. *See Farrar v. Hobby*, 113 S.Ct. 566, 574-75 (1992). Stated succinctly, "no money judgment, no fees."

In the ordinary sense, a moral victory or satisfaction would not suffice to make someone a prevailing party in litigation. Viewing the results obtained here, a non-interested observer could reasonably conclude that, while perhaps Gonzalez was a "nominal winner" in convincing the jury that she was "wronged" by the Association's breach, she was a "prevailing party" on that claim only in a pyrrhic sense.[3]

Florida case law does not allow for the consideration of proportionality to decide a litigant's prevailing party status in these cases. Consequently, we are bound by our prior holding in *Khodam* on the effect of the jury's verdict, thus making Gonzalez a prevailing party on the breach claim despite the "no damages" award. *See also Yellow Pages Photos, Inc. v. Ziplocal, LP*, 2014 WL 5517027, at *2 (M.D. Fla. Oct. 31, 2014) ("Florida courts have held that the party against whom a contract has been breached may be the prevailing party even though the jury awarded '$0' damages.").

While the prevailing party determination does not depend solely on the magnitude of relief Gonzalez obtained, she was required, at the least, to secure some relief on the merits of her claim to achieve such status.

---

[3] We should note that this case was not one brought to advance a public benefit. Private tort or contract suits benefiting only the individual plaintiff whose rights were violated are different from actions to vindicate public rights. Unlike most private litigants, for example, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms. Thus, legitimate reasons exist for treating public litigation cases differently from private actions when considering who is, or is not, a prevailing party. Because damages awards in civil rights cases, for example, do not reflect fully the public benefit advanced by such litigation, fees awarded in those cases, unlike most private law cases, need not depend on obtaining substantial monetary relief. Therefore, reasonable attorney's fees awarded under provisions such as 42 U.S.C. § 1988 are not conditioned upon, and need not be proportionate to, the award of money damages.

"'[P]laintiffs may be considered a 'prevailing party' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Hensley v. Eckerhart*, 103 S.Ct. 1933, 1939 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)). Although there is ongoing debate in the courts on whether a plaintiff who recovers no money damages can be a prevailing party, a party who receives affirmative judicial or equitable relief is clearly considered a prevailing party under the law. Gonzalez was indisputably a prevailing party on her injunctive claim in equity, regardless of her marginal victory on the breach count. Thus, prevailing party attorney fees should be awarded to Gonzalez in this dispute. *See Khodam*, 87 So. 3d at 66.

Court costs under section 57.041, Florida Statutes (2008), are also "'governed by the 'prevailing party' standard . . . .'" *Wyatt v. Milner Document Prods., Inc.*, 932 So. 2d 487, 490 (Fla. 4th DCA 2006) (quoting *Spring Lake Imp. Distrib. v. Tyrrell*, 868 So. 2d 656, 658-59 (Fla. 2d DCA 2004)), abrogated on other grounds by *Westgate Miami Beach, Ltd. v. Newport Operating Corp.*, 55 So. 3d 567 (Fla. 2010). A trial court has no discretion to deny costs under this statute—the prevailing party must be awarded their costs. *See Oriental Imps., Inc. v. Alilin*, 559 So. 2d 442, 443 (Fla. 5th DCA 1990) (holding that under section 57.041, a judge does not have discretion to deny recovery of costs to a prevailing party). As such, appellant is the prevailing party for purposes of an award of costs as well. *See Sunshine Bottling Co. v. Tropicana Prods., Inc.*, 757 So. 2d 1231, 1233 (Fla. 3d DCA 2000).

We reverse the trial court's order denying Gonzalez's motion for fees and costs, and remand for the trial court to award those reasonable amounts applicable to her breach and injunction claims.

*Affirmed in part, reversed in part, and remanded.*

GERBER, C.J., and DAMOORGIAN, J., concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***