DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SKYLINK JETS, INC.,**
Appellant,

v.

**MARTIN KLUKAN,**
Appellee.

No. 4D20-615

[December 16, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David Haimes, Judge; L.T. Case No. CACE14-012098(08).

Bruce David Green of Bruce David Green, P.A., Fort Lauderdale, for appellant.

Robert O. Saunooke of Saunooke Law Firm, P.A., Cherokee, NC, for appellee.

GROSS, J.

Appellant, Skylink Jets, Inc., appeals an order denying its motion for attorney's fees. We affirm, concluding that the trial court did not abuse its discretion in finding that Skylink was not the prevailing party.

### *Background – The Two Contracts*

Skylink is an air carrier that hired Appellee Martin Klukan as a pilot. In connection with his affiliation with Skylink, Klukan executed two agreements: (1) a Personal Loan Agreement with Skylink's president, Inger Skroder, who allegedly assigned the agreement to Skylink on October 12, 2012; and (2) a Pilot Training Expense Agreement with Skylink effective from September 1, 2013 until September 30, 2014.

The Personal Loan Agreement stated that the total amount of the loan was $8,908.64 (representing flight training and related expenses), that Klukan was to perform the duties of a pilot, that the loan would be considered paid in full upon Klukan's completion of two years of service as

a pilot, and that the loan would have to be paid back in full plus interest should Klukan quit or be terminated on or before October 1, 2014.

The Pilot Training Expense Agreement stated that Skylink would pay Klukan's pilot training expenses in the total amount of $8,617.03, but that Klukan would be responsible for repaying the training expenses if he quit or was terminated for cause on or before September 30, 2014. The Pilot Training Expense Agreement contained a prevailing party attorney's fees provision. Finally, the Pilot Training Expense Agreement stated that all previous contracts between Skylink and Klukan were "null and void."

### *Klukan's Resignation and Skylink's Presuit Demands*

Klukan resigned from Skylink in March 2014, which was within the repayment period in the Pilot Training Expense Agreement. However, even after he had resigned, Klukan flew four additional flights for Skylink on the understanding that he could repay his debt at a rate of $500 per flight. Skylink never compensated Klukan for these flights.

Following Klukan's resignation, Skylink sent him two demand letters. In the second demand letter, Skylink claimed that it had incurred $20,419.73 in training expenses for Klukan and demanded repayment under the Pilot Training Expense Agreement. Klukan did not respond and did not pay the monies demanded.

### *The Lawsuit*

Skylink then sued Klukan. In the Amended Complaint, Skylink asserted five counts against Klukan:

> Count I – Breach of Contract (Pilot Training Expense Agreement)
>
> Count II – Breach of Contract (Personal Loan Agreement)
>
> Count III – Unjust Enrichment (Personal Loan Agreement and Pilot Training Expense Agreement)
>
> Count IV – Money Lent (Personal Loan Agreement)
>
> Count V – Promissory Note (Personal Loan Agreement)

Skylink did not allege a specific amount of damages in Count I, but the Amended Complaint did contain a general allegation that Skylink had

"advised Klukan that the final reconciliation showed that he was indebted to Skylink in the amount of $20,419.73."

The parties eventually entered into a Joint Pretrial Stipulation. The parties stipulated that (1) Klukan executed both the Personal Loan Agreement and the Pilot Training Expense Agreement, (2) Skroder paid for Klukan's pilot training set forth in the Personal Loan Agreement, (3) Skylink paid for the training and related expenses that were the subject of the Pilot Training Expense Agreement, (4) Klukan had not reimbursed Skylink for the cost of Klukan's pilot training, and (5) Klukan had not paid any money pursuant to the Personal Loan Agreement.

The Joint Pretrial Stipulation stated that the disputed issues for trial were the amount of Skylink's damages and the validity of the assignment of the Personal Loan Agreement.

In Skylink's trial brief, Skylink stated that the total amount it was seeking from Klukan pursuant to both agreements was $20,419.73 (plus interest, fees, and costs). In other words, the $20,419.73 figure included both the initial training paid for by Skroder in 2012 and the subsequent training paid for by Skylink.[1]

### *The Trial Court's Rulings and the Final Judgment*

The case proceeded to a bench trial. The trial court entered judgment in favor of Skylink on Count I of the Amended Complaint (i.e., breach of contract for the Pilot Expense Training Agreement) and denied recovery on the remaining four counts.

The trial court ruled that Skylink was not entitled to recover under the Personal Loan Agreement because the subsequent Pilot Expense Training Agreement contained language voiding all prior agreements between the parties.

The trial court also rejected the unjust enrichment claim. The trial court reasoned that there was no unjust enrichment for the training provided to Klukan under the voided Personal Loan Agreement because the certification from that training lasted only one year and "Skylink Jets got the benefit of [Klukan flying] for one year until the second certification was due . . . ." And, although the trial court made no express findings

---

[1] At trial, Skylink clarified that it was actually seeking "$74.96 less than what was pled." However, to avoid confusion, we will use the original $20,419.73 figure throughout this opinion.

regarding the unjust enrichment claim for the training expenses under the Pilot Training Expense Agreement, the trial court presumably rejected this claim because there was an express contract between the parties.

The trial court ruled that Skylink was entitled to $8,617.03 (i.e., the amount of Training Expenses expressly set forth in the Pilot Expense Training Agreement) plus interest, less a $2,000 credit that Skylink owed to Klukan for the four unpaid flights.

The trial court entered a final judgment awarding Skylink $6,617.03 in damages, together with interest of $2,624.50, for a total judgment of $9,241.53.

### *Denial of Skylink's Motion for Attorney's Fees*

Skylink moved for an award of attorney's fees. Attached to Skylink's motion was an affidavit of attorney's fees in which Skylink's counsel attested that his total fee in the matter was $45,360.

Ultimately, the trial court ruled that Skylink did not prevail on the significant issues in the litigation and thus was not the prevailing party for purposes of an award of attorney's fees:

> THE COURT: This one is a tough one. I take a step back. I just don't see how Skylin[k] Jets [w]as the more prevailing party when you look at the comparison.
>
> * * *
>
> THE COURT: I'm struggling with – I don't see how Skylin[k] was the one who had prevailed on the bulk of authority or significant issues of the litigation. Definitely they were successful on an issue in the litigation, but not overall. Again, they were not the more successful party in the case.
>
> * * *
>
> THE COURT: . . . But based on what's presented, I just don't see how Skylin[k] was the prevailing party here.
>
> * * *

4

> THE COURT: . . . [T]he party prevailing on the significant issues, plural, in the litigation is the party that should be considered the prevailing party for attorney's fees.

> \* \* \*

> THE COURT: . . . There were different parts of the training. You were looking to recover all of the different training costs.

> \* \* \*

> THE COURT: I did not see Skylin[k] Jets as prevailing on the significant issues of the litigation, so I'm denying the motion for entitlement.

The trial court entered an order denying Skylink's motion for attorney's fees, finding that Skylink "was not the prevailing party for the reasons stated on the record." This appeal ensued.

### Analysis

On appeal, Skylink argues that the trial court abused its discretion when it determined that Skylink was not entitled to recover its attorney's fees from Klukan. Skylink argues that it is entitled to attorney's fees because it "prevailed on the breach of contract claim in Count I of the Amended Complaint which was a significant issue in litigation which achieved some of the benefit sought by Skylink in bringing suit."

The standard of review of a trial court's ruling on the issue of entitlement to prevailing party attorney's fees is abuse of discretion. *Newton v. Tenney*, 122 So. 3d 390, 392 (Fla. 4th DCA 2013). The trial court has broad discretion to determine which party prevailed in the litigation. *Sidlow v. Bowles Custom Pool & Spas, Inc.*, 32 So. 3d 722, 722 (Fla. 5th DCA 2010).

In *Moritz v. Hoyt Enterprises, Inc.*, 604 So. 2d 807, 810 (Fla. 1992), the Florida Supreme Court declared that "the party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees." There, the court explained that "the fairest test to determine who is the prevailing party is to allow the trial judge to determine from the record which party has in fact prevailed on the significant issues tried before the court." *Id.* However, the court also quoted *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), for the proposition that "the test is whether the party 'succeed[ed] on any significant issue in

5

litigation which achieves some of the benefit the parties sought in bringing suit.'" *Id.* at 809–10.

Ultimately, the *Moritz* court held that the trial court was within its discretion when it determined that a contractor was the prevailing party on the significant issues in the case, even though the owners who breached the contract obtained the return of their deposit and thus recovered an amount which exceeded the damages awarded to the contractor on its counterclaim. *Id.* at 810. The *Moritz* court also disapproved of cases holding that the prevailing party "is the one who recovers an affirmative judgment." *Id.* at 809–10.

One year after deciding *Moritz*, the Florida Supreme Court held that in considering whether to apply the net judgment rule in cases involving enforcement of a mechanic's lien, "the trial judge must have the discretion to consider the equities and determine which party has in fact prevailed on the significant issues." *Prosperi v. Code, Inc.*, 626 So. 2d 1360, 1363 (Fla. 1993). Our supreme court noted that in some cases "the net judgment rule appears to have been applied mechanically without regard to the equities." *Id.* Rejecting this approach, the court declared: "We believe that *Moritz* now requires a more flexible application. The fact that the claimant obtains a net judgment is a significant factor but it need not always control the determination of who should be considered the prevailing party." *Id.*

Later, in *Trytek v. Gale Industries, Inc.*, 3 So. 3d 1194 (Fla. 2009), the Florida Supreme Court mentioned both the "significant issues" test and the "any significant issue" test, without addressing the subtle difference between the two tests:

> The rule of *Prosperi* is that in determining "prevailing party" under section 713.29, the trial court should look to which party prevailed on the "significant issues," as recognized in our case of *Moritz* that had been decided the previous year. Together, *Prosperi* and its predecessor *Moritz* require that the trial court's determination of a prevailing party rest on whether the party "succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Moritz*, 604 So. 2d at 809–10 (quoting *Hensley*, 461 U.S. at 433, 103 S. Ct. 1933).

*Id.* at 1200 (citation and footnote omitted). Our supreme court went on to emphasize that its jurisprudential approach favored "a flexible rule in determining which party is the prevailing party." *Id.* at 1202. Moreover,

6

the court opined: "Certainly the possibility that neither party is a 'prevailing party' is consistent with an application of the 'significant issues' test of *Moritz* and *Prosperi*." *Id.* at 1203.

While Skylink argues that *Trytek*'s formulation of the prevailing party test has superseded the test from older cases, Skylink ignores that both the "singular" and "plural" versions of the test originated in *Moritz* and have coexisted in the case law since then. Notably, this court has applied both the "significant issues" test and the "any significant issue" test. *Compare Blue Infiniti, LLC v. Wilson*, 170 So. 3d 136, 138 (Fla. 4th DCA 2015) ("[T]he party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees."), *with Hamilton v. Ford Motor Co.*, 936 So. 2d 1203, 1207 (Fla. 4th DCA 2006) ("The test for determining the substantially prevailing party is 'whether the party succeeded on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'").

In any event, putting aside the proper formulation of the prevailing party test, this court has stated that "[i]n a breach of contract action, one party must prevail." *Lucite Ctr., Inc. v. Mercede*, 606 So. 2d 492, 493 (Fla. 4th DCA 1992). For example, in a case where the only claim submitted to the jury was a homeowner's breach of contract claim against his HOA, the jury's finding that the HOA breached the contract made the homeowner the prevailing party on the litigation's significant issues even though the jury awarded no damages. *See Khodam v. Escondido Homeowner's Ass'n, Inc.*, 87 So. 3d 65, 66 (Fla. 4th DCA 2012).

To be sure, some of this court's cases contain dicta suggesting that breach of contract cases can never be ties. *See Port-A-Weld, Inc. v. Padula & Wadsworth Constr., Inc.*, 984 So. 2d 564, 569 (Fla. 4th DCA 2008) ("Although some districts recognize that cases can sometimes effectively be 'ties,' such that the parties can both be viewed as winners or losers, we have maintained that '[i]n a breach of contract action, one party must prevail.'"); *see also Animal Wrappers & Doggie Wrappers, Inc. v. Courtyard Distribution Ctr., Inc.*, 73 So. 3d 354, 356 (Fla. 4th DCA 2011) (same).

However, in both *Port-A-Weld* and *Animal Wrappers*, we held that the result was "not even close" to a "tie." Thus, because the language at issue was unnecessary to the ultimate holdings in *Port-A-Weld* and *Animal Wrappers*, those cases do not establish a precedent that a trial court can *never* determine that neither party prevailed in a breach of contract case.

Indeed, while some of this court's cases state that one party must prevail in a breach of contract action, we have also left open the possibility

that there may be compelling circumstances in which a trial court may determine that neither party prevailed in a breach of contract action. *See Newton*, 122 So. 3d at 392 (acknowledging that "there may be compelling circumstances in which a trial court determines that neither party prevailed in a breach of contract action"); *M.A. Hajianpour, M.D., P.A. v. Khosrow Maleki, P.A.*, 975 So. 2d 1288, 1290 (Fla. 4th DCA 2008) (holding that the parties in a contractual dispute "battled to a draw" where the defendant defeated the plaintiff's complaint and succeeded on his own counterclaims despite never collecting damages); *Hutchinson v. Hutchinson*, 687 So. 2d 912, 913 (Fla. 4th DCA 1997) (stating that "in a breach of contract action, one party must prevail, absent compelling circumstances").

A categorical rule may be "especially inequitable in the ever increasing number of cases in which the attorney's fees far exceed the claims for damages arising from the contract." *KCIN, Inc. v. Canpro Invs., Ltd.*, 675 So. 2d 222, 223 (Fla. 2d DCA 1996).

Here, the trial court acted within its discretion in determining that Skylink was not "the party prevailing on the significant issues in the litigation" under *Moritz*.

We conclude that the significant issues tried before the court were (1) the validity of the Personal Loan Agreement, (2) Klukan's potential liability on an unjust enrichment theory, and (3) the amount of Skylink's damages. Klukan prevailed on the first two of these issues and largely prevailed on the issue of damages. That Skylink recovered an affirmative judgment does not control the prevailing party determination. *See Moritz*, 604 So. 2d at 809–10.

We need not reconcile any possible tension between the "significant issues" test and the "any significant issue" test. We conclude that Skylink did not prevail on any *significant* issue in the litigation.

Although Skylink established that Klukan breached the Pilot Training Expense Agreement, Klukan's liability under the Pilot Training Expense Agreement was a relatively insignificant issue in the litigation. Klukan admitted in both the pretrial stipulation and in a deposition that he had not reimbursed Skylink for the training expenses that were the subject of the Pilot Training Expense Agreement.

The amount of damages was the real point of contention between the parties. Skylink had sought over $20,000 in the litigation, but Skylink recovered only $6,617.03 (excluding interest). Notably, Skylink sought

8

damages under a voided agreement, failed to credit Klukan for flights that reduced his debt, and sought an inflated amount of damages under the Pilot Training Expense Agreement.[2]

The Florida Supreme Court has emphasized a flexible approach that gives the trial courts broad discretion in determining which party is the prevailing party, including the discretion to make a determination that neither party has prevailed on the significant issues in the litigation. *Trytek*, 3 So. 3d at 1202.

In light of this broad discretion, we hold that the trial court did not abuse its discretion in finding that Skylink was not the prevailing party under the circumstances of this case. Skylink failed to prevail on four out of five of its counts and only partially prevailed on Count I. Although Skylink prevailed on an issue of liability as to Count I, it was an issue that was not seriously contested and thus was not a significant issue in the litigation. Klukan largely prevailed on the significant issue of damages by defeating most of Skylink's claimed damages, making the case a wash.[3]

The significant issues of the litigation were issues other than Klukan's liability under the Pilot Expense Training Agreement. The trial court could have concluded that an award of fees to Skylink would have been inequitable where, as here, the parties were mostly disputing the amount of damages and Skylink's attorney's fees far exceeded the damages to which Skylink was actually entitled.

Because the trial court was within its discretion to conclude that Skylink was not the prevailing party, we affirm the denial of Skylink's motion for attorney's fees.

*Affirmed.*

---

[2] For example, rather than seeking the $8,617.03 in training expenses expressly set forth in the Pilot Training Expense Agreement, Skylink inexplicably sought damages of $11,511.09 (excluding interest) on Count I—i.e., the total damages of $20,419.73 that it was claiming (excluding interest), less the $8,908.64 attributable to the Personal Loan Agreement.

[3] We distinguish *Khodam*, 87 So. 3d at 66, because in that case it appears that the issue of whether the HOA breached its declaration of covenants was a significant issue in the litigation, even though the HOA defeated the homeowner's claim for damages. By contrast, in this case, the issue of whether Klukan breached the Pilot Expense Training Agreement was not a significant issue in the litigation.

CIKLIN, J., and BELL, CAROLYN, Associate Judge, concur.

\* \* \*

*Not final until disposition of timely filed motion for rehearing.*